# ASAHEL GAGE

## *v.*

# ULRICH ROHRBACH.

1. APPEAL — *at what stage of a cause it will lie.* The order of a court simply overruling a demurrer to a bill in chancery, although the demurrer goes to the merits of the bill, is not a final order or decree from which an appeal will lie ; and an appeal unadvisedly prayed for and allowed, and perfected by the filing of a bond, at that stage of the cause, would have no effect whatever in staying further proceedings in the cause, but, notwithstanding such appeal, the court could properly render a final decree on the demurrer, and proceed to a hearing as to other defendants.

2. PAYMENT *of a judgment on a special assessment — its effect.* A judgment was rendered upon a special assessment levied upon a lot of ground, and a precept issued thereon, after which the owner paid the amount of the judgment, and costs, to the collector, notwithstanding which, the latter proceeded to sell the lot under color of the judgment, having, in error, credited the money paid, upon the adjacent premises : *Held*, the payment operated to extinguish the judgment, and the subsequent proceedings under it — the sale and certificate of purchase issued thereon — were absolutely void.

3. CLOUD UPON TITLE — *claim under a void sale on special assessment.* In such case the owner of the lot so improperly sold may, under the general jurisdiction in chancery, if he is in actual possession, or, under the statute, * whether in the occupancy of the premises or not, resort to his bill in equity to remove the cloud upon his title occasioned by such illegal proceedings, by having them declared invalid, and enjoining any further action under them. Nor is the jurisdiction in chancery, in that regard, at all affected by the fact that the owner could, as provided by statute, on presenting his receipt for the money paid upon the judgment, have the collector mark opposite his lot on the list of lots sold, " sold in mistake."

WRIT OF ERROR to the Superior Court of Chicago.

The opinion states the case.

Mr. EDWARD ROBY, for the plaintiff in error.

Messrs. ROSENTHAL & PENCE, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court :

It appears that defendant in error was the owner of the premises in question, and was in possession when he filed his bill in this case. He had purchased the property of one Mayer, in April, 1869. But on the 28th day of October previously a special assessment for paving Canal street, in Chicago, had been assessed against the lot, and a judgment had been rendered against the property for the amount of the assessment and costs. A precept had been issued, and on the 17th day of March, 1869, Mayer paid the amount of the judgment and costs to the collector of the city, who gave the credit to an adjoining lot instead of the lot in question. On the 20th of March, 1869, the collector sold the premises, under the precept, to plaintiff in error, notwithstanding the judgment for the amount of the assessment had been paid. Plaintiff in error at the time received a certificate of purchase therefor, and refused

---

* See act March 27, 1869, Sess. Acts, p. 356; Gross' Stat. 75, § 53, and act of March 15, 1872, Sess. Acts, p. 337, § 50; Gross' Stat. vol. 2, p. 36.

to surrender or cancel the same, unless defendant in error would pay him the redemption money, which would have amounted to about $1,000 in addition to the $500 which he had already paid to release the property from the assessment.

Defendant in error thereupon filed a bill to have the sale canceled and to have the amount paid to satisfy the judgment for the assessment credited upon and in satisfaction of the assessment, and to enjoin plaintiff in error from transferring the certificate of purchase, and the city from issuing a deed to the premises. Plaintiff in error filed a demurrer to the bill, which the court overruled, and from that decision an appeal was prayed and granted. The city filed an answer, and Proudfoot, as guardian *ad litem*, filed an answer for the minor defendants, and Mayer was defaulted. Heald, Eichner and Becker also answered. A rule was taken on plaintiff in error for an answer, but failing to comply with the rule, a default was entered against him. All of these proceedings were had after the demurrer by plaintiff in error was overruled. The court, at a subsequent term, heard the case on bill, answers, replications, *pro confesso* orders and proofs, and granted the relief sought. The record is filed in this court, and errors assigned by plaintiff in error.

It is first urged that the court below erred in proceeding with the case after overruling the demurrer of plaintiff in error; that the demurrer went to the merits of the case, and, the court deciding the bill to be sufficient to authorize the relief, further steps should have been arrested, and that a hearing could not be had after the appeal was granted.

In this case the appeal was wrongfully allowed, as there was no final decree from which to appeal. The effort to do so was a nullity and was not binding on the court or on the other parties to the suit. The appeal staid no decree, because none had been rendered. If it could have any possible effect it was only to stay the execution of the order overruling the demurrer and preventing the court from rendering a decree on the demurrer. And this seems to have been the view taken by

the court, inasmuch as plaintiff in error was subsequently ruled to answer, and was defaulted for a non-compliance with the rule. But, there being nothing to appeal from, the filing of the bond or the granting of the appeal was an inoperative and idle ceremony, having no effect upon the case.

After overruling the demurrer, the court, without any further steps against plaintiff, unless he had asked and obtained leave to answer, had the undoubted right to decree the relief against plaintiff in error, on the demurrer, which admitted the truth of the allegations of the bill, and the court might then have rendered a final decree granting relief against him. But there being other defendants, some of whom had answered, some had demurred, and others having taken no steps, the usual practice justified the court in reserving the decree on the demurrer until there was a final hearing and disposition of the case. As plaintiff in error abided by his demurrer, he could not, by praying an appeal and filing his bond, prevent the court from rendering a final decree on the demurrer, against him, nor could he thus arrest the progress of the case as to the other defendants. The practice does not warrant the granting and perfecting of such appeals, and they should be denied as useless and increasing unnecessarily the costs.

When a tax or assessment is fully paid, there can be no question but the lien created on the land by its levy is discharged. This proposition is so elementary and axiomatic, that neither authority nor reasoning is required for its demonstration. Its mere statement is conclusive. And when a judgment has been recovered for the sale of premises on which a tax has been imposed, for its collection, and the judgment and costs are fully paid, it becomes satisfied and the lien released. This proposition is equally obvious. And assessments being imposed and enforced in the same manner, and being, when imposed, a like lien as a tax, on the land, the payment of the assessment, or a judgment for its recovery, discharges the assessment, or judgment, and lien, to the same extent and in the same manner as the payment of a tax, and for the same obvious rea-

sons. When, then, this judgment for this assessment was paid to the collector, the judgment was extinguished and the lien upon this lot was released and discharged, and the subsequent sale was wholly unauthorized and void, for the want of a judgment to support it. It was equally so as if the judgment, paid as it was, had never been rendered. The sale created or revived no lien, nor did it confer any title or interest in the land that could ever, of its own vigor, ripen into a title.

In what, then, consists the claim of plaintiff in error? He has simply a certificate of purchase of a lot of ground wrongfully sold for an assessment that had been discharged, under a judgment which had been paid. Defendant had done all things required of him by the law. He paid the assessment and took a receipt. He had no power to enter satisfaction of the judgment, and if plaintiff in error desires redress, let him pursue it against the officer who perpetrated the wrong, or the city, if it has wrongfully received the money of plaintiff in error. It would be inequitable and unjust in the extreme to compel defendant in error to redeem, or even refund the money to plaintiff in error.

It is urged that a bill *quia timet* will not lie in such a case, because the remedy at law is complete. The same may be said in general of bills of this character. Defendant in error is in possession, and might no doubt, if sued, successfully defend against such a title. But should he be required to wait until plaintiff shall see proper to bring ejectment, with this cloud hanging over his title? Courts of equity have determined that persons in possession need not wait, but may proceed to have the cloud removed; and a recent statute has extended the right to persons not in possession, to obtain the same redress. It is urged that defendant in error might, under the statute, present the receipt to the collector, and have an entry made opposite the lot on the list of lots then sold, " sold in mistake." It is true, he could, but still it would leave the sale uncanceled; it would only be, as the statute has declared, evidence.

It has been the uniform practice of courts of equity to enjoin the collection of a satisfied judgment, although the court has jurisdiction, on proper motion, to enter satisfaction; and to restrain a sale of property under an execution issued upon a satisfied judgment, although under our statute the judge may, in vacation, stay the sale by order until a motion to quash the execution can be heard. In such proceedings in our courts the jurisdiction is concurrent in the two courts. And the court of equity will not refuse to exercise jurisdiction, because the statute has conferred jurisdiction. It is no doubt true, defendant in error could have had the collector note the fact on the record, that the sale was made in error; but that would not have been so complete a remedy as a decree restraining the assertion of any claim under the sale. If a party, having a summary, cheap and effectual remedy at law, will insist upon invoking the aid of the chancellor, the fact that he has resorted to the more expensive mode should be considered in decreeing costs, but not as preventing the court from exercising jurisdiction when it is concurrent.

That the facts in this case required the court to grant the relief we have no doubt. The certificate in the hands of plaintiff in error is negotiable, and might be used for the purpose of imposing upon purchasers, and when the time for redemption has expired he could, unless restrained, procure a deed with which he could obtain money either from the innocent, supposing they were acquiring title, or the vicious, who, knowing the title to be worthless, would purchase it for the purpose of extorting money from defendant in error. Again, it is a cloud on the title, worthless, it is true, but such as is calculated to depreciate the value of the property, from fear of litigation and annoyance. This being the case, as shown by the allegations of the bill, defendant in error was entitled to the relief sought, and the court below did right in rendering the decree, and it must be affirmed.

*Decree affirmed.*