ASAHEL GAGE

v.

E. L. CHAPMAN et al.

, 56  311
 27a 301
 56  311
128  526
 56  311
163  408

1.  APPEAL — *at what stage of a cause it will lie.*  An appeal does not lie from an order of court overruling a demurrer merely, and where such an appeal has been improvidently granted, and the appeal perfected, the court may treat it as a nullity, and still go on and render a final decree in the cause.

2.  CLOUD UPON TITLE — *arising upon a sale for taxes — jurisdiction in chancery.*  In the case of a tax certificate, issued upon an illegal sale of land for taxes, a court of equity will take jurisdiction to annul the sale, and cancel the tax certificate, and thus remove a cloud upon the title of the land.

3.  PARTIES — *joinder of parties in chancery.*  Where the several owners of certain lots of ground, on which special assessments had been illegally levied, and the lots severally sold therefor, and certificates issued to the purchaser, joined in a bill in chancery, the certificates of purchase being all held by the same person, to annul the several judgments against the lots, and vacate the sales made in pursuance thereof, and compel the surrender of the certificates of purchase, for the reason that they were clouds upon the titles of the complainants, it was *held,* although the complainants had a several, and not a joint, interest in the lots sold, and each one might have filed his separate bill, yet having one common interest touching the matter of the bill, and one common ground of relief, and the tax sales all sought to be impeached upon one and the same ground of invalidity, there could be no objection to the complainants uniting in one suit.

4.  COSTS — *in chancery.*  In a suit in chancery, wherein it was sought to annul certain judgments for special assessments, levied by the town of Hyde Park, because the assessments were illegal, and to vacate the sales made in pursuance thereof, and compel the surrender of the certificates of purchase, the purchaser ·at the tax sales, the assignee of the certificate of purchase and the town of Hyde Park being made defendants ; upon the bill being taken as confessed against the two latter, and dismissed as to the former, upon his disclaimer, the court entered a decree as prayed by the bill, and also decreed that the holder of certificates pay the costs ; upon appeal to this court, no reason was perceived to interfere with the discretion of the court below in awarding costs.

APPEAL from the Superior Court of Chicago; the Hon. JOHN A. JAMESON, Judge, presiding.

This was a bill in chancery to annul certain judgments for special assessments, and to vacate the sales made in pursuance thereof, and compel the surrender of the certificates of purchase, for the reason that they were clouds upon the respective titles of the complainants.

It is claimed the assessments were illegal, and the proceedings thereunder void, for the reason that they were made, as alleged in the bill, on the several lots by the town of Hyde Park for local improvements in said town, each of the lots respectively being assessed as and for the amount which the whole of each lot was deemed benefited by the improvements; when, in fact, the several lots were, either in whole or in part, without the limits of said town and within the limits of the city of Chicago.

Mr. EDWARD ROBY, for the appellant.

Messrs. WILSON, MARTIN & MONTGOMERY, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity, filed to annul certain judgments for special assessments, and vacate the sales made in pursuance thereof, and compel the surrender of the certificates of purchase, for the reason that they were clouds upon the title of appellees.

The bill alleges that, in a certain subdivision, E. L. Chapman, one of the plaintiffs, is the absolute owner in fee simple, and in possession of sub-lots one and two.

Samuel Pike, another plaintiff, is the absolute owner and in possession of sub-lot three and part of lot four.

Mary Ann Pike, another plaintiff, is the absolute owner in fee simple of the other part of sub-lot four.

And Benjamin S. Halsey, another plaintiff, is the absolute owner in fee simple, and in possession of sub-lot six. Sub-lots one and two are wholly in the city of Chicago, and the boundary line between Chicago and the town of Hyde Park cuts the other sub-lots in halves, so that about one-half of each is in Chicago and the other half in Hyde Park.

This subdivision was made May 1, 1867, and was a re-sub-division of lots five, six and seven of block five in Cleaverville; which lots were cut by the town line so that part of each was in Hyde Park and the other part in Chicago.

In the fall of 1867, said original lot five was assessed, by the authorities of the town of Hyde Park, for a public improve-ment; said original lots six and seven were severally charged with four Hyde Park special assessments. Upon all which such proceedings were had, that several judgments were ren-dered against the lots severally, for the several special assess-ments, and the lots or fractions thereof were severally sold therefor, and the certificates were issued to the purchaser, who, it is alleged, has assigned them to the appellant. Each of the assessments purported to be made upon real estate in said town of Hyde Park. But they, inadvertently, included lots five, six and seven, in block five, in Cleaverville, part of which lots were within and part without the town of Hyde Park. The assessment being upon said lots respectively, as and for the amount which the whole of each lot was deemed benefited, and not as or for the benefits to any part or parts less than the whole of each of said lots respectively.

The improvements for which the special assessments were made are all within the town of Hyde Park, and without the city of Chicago.

The complainants have frequently demanded the surrender of the certificates, and offered to pay appellant their first cost, but refuse to pay him any thing more; and he claims the right to one hundred per cent, etc.

The town of Hyde Park and the original purchaser are also made defendants.

314          GAGE *v.* CHAPMAN *et al.*          [Sept. T.,

Opinion of the Court.

To this bill appellant demurred for want of equity; the demurrer was overruled, and appeal therefrom prayed, allowed, and perfected at the December term.

Afterward, at the July term, appellant refusing to answer further, the court took the bill for confessed against him, and against the town of Hyde Park, which was defaulted, and dismissed the bill as against the original purchaser upon his disclaimer, and thereupon entered a decree as prayed, decreeing also that the costs of the suit be paid by said Asahel Gage, from which final decree Gage appealed.

The errors assigned are:

Overruling appellant's demurrer.

Proceeding in the cause after appeal had been perfected, from the judgment overruling the demurrer.

Entering a decree in manner and form appearing in the record.

Ordering the costs of the suit to be paid by appellant.

In the recent case of *Gage* v. *Rohrback, ante,* p. 262, it was decided by this court that, under our practice, an appeal does not lie from an order of court overruling a demurrer; and that where such an appeal has been improvidently granted and the appeal perfected, the court may treat it as a nullity, and still go on and render a final decree in the cause ; and it was also decided, that, in the case of a tax certificate issued upon an illegal sale of land for taxes, a court of equity would take jurisdiction to annul the sale and cancel the tax certificate, and thus remove a cloud upon the title of the land; and we dismiss the consideration of those points which have been here raised by a reference to that decision, and *Reed* v. *Tyler, ante,* p. 288.

The objection of multifariousness or misjoinder of plaintiffs, we do not regard as well taken to the bill.

Although the plaintiffs have a several and not a joint interest in the lots sold for the assessments, they have one common interest touching the matter of the bill, and one common ground of relief. Each one of the plaintiffs might file his separate bill, but, as all the tax sales are sought to be im-

peached upon one and the same ground of invalidity, no valid objection is perceived to the plaintiffs uniting in one suit. We do not see that it would be productive of any inconvenience, and it tends to prevent a multiplicity of suits, and avoid unnecessary expenses, and we think it warranted by the rules of chancery practice. Story's Eq. Pl., §§ 285, 533, 539.

It is quite clear that the town of Hyde Park had no lawful authority to assess and sell any lands outside of its territorial limits, for the purpose of constructing public improvements within its own bounds.

The facts stated in the complainants' bill are sufficient to entitle them to the relief asked for and granted by the court below.

We see no reason to interfere with the discretion of that court in awarding costs.

The decree of the superior court is affirmed.

*Decree affirmed.*