## FRANCIS BARNARD

### *v.*

## EDWIN HOYT.

1. CLOUD UPON TITLE—*tax deed—jurisdiction in chancery.* It has been held that equity will entertain, in behalf of a party in possession of land, a bill to remove a cloud upon his title occasioned by an invalid tax sale and a deed thereunder. Such jurisdiction will also be entertained in behalf of the owner, when the lands are vacant and unoccupied.

2. TAX TITLE—*necessity of notice to the party in whose name the land was assessed.* A tax deed executed in the year 1864 without the written notice served

upon the party to whom the land was assessed, who resided in the county where the land was situate, as was required by the constitution and statute, was regarded as void and inoperative to convey title, and this even though the party in whose name the land was assessed never had or claimed any interest in the premises, and the same were vacant and unoccupied, and though the grantee in the deed had caused to be inserted in a newspaper published in the county, three several times, the last insertion three months before the time of redemption expired, a notice stating the time when he purchased, with a correct description of the land and the time when the redemption would expire.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was a bill in chancery, filed by Edwin Hoyt, praying that a tax deed to certain vacant and unoccupied lands, executed in the year 1864, of which he was the owner in fee, procured by Francis A. Packard, be set aside as invalid, the same constituting a cloud on his title; and that a deed from Packard to Francis Barnard be canceled.

The bill alleged, among other irregularities in the tax title, that Packard had not given the constitutional and statutory notice of the sale for taxes, required in order to authorize the sheriff to make a deed, in that he had not served a written notice of the sale upon Samuel Winklepleck, in whose name the land was assessed, and who resided in the county where the land was situate.

The affidavit filed by Packard upon his application for a deed was as follows:

"STATE OF ILLINOIS, ⎫
    *McLean County,* ⎬ ss.

Francis A. Packard, being duly sworn, deposes and says that at a sale of land for taxes,"   *   *   *   *   he purchased, (describing the lands) for the taxes and costs due thereon for the year A. D. 1861; that he caused to be published in the Weekly Pantagraph, a newspaper printed and

published in said county, a notice, in which was stated the time when he purchased said land for taxes as aforesaid, a correct description of said land, and when the time allowed by law for the redemption of said land from said sale would expire; that said notice was published in three consecutive numbers of said paper; that the last publication of said notice in said paper was more than three months previous to the expiration of the time allowed by law for the redemption of said land from said sale; that the party, Samuel Winklepleck, to whom the land aforesaid was assessed, was not at the time of said sale the owner of said land, nor has he been since, as affiant verily believes; that said land was not at the time of said sale, nor before the time allowed by law for the redemption thereof from said sale, occupied by or in the possession of any person or persons; that he makes this affidavit for the purpose of obtaining a tax deed for said land, as required by law."

It appeared in evidence that, at the time of sale, Winklepleck did not have, nor at any subsequent time did he have, nor did he ever have, any claim to the land, nor did he pretend to have any, but the land was assessed to him. He had formerly paid taxes on it for his brother, who had previously owned it. It was in evidence that the title was, at the time of sale, and so continued, in Hoyt.

Upon a hearing and the report of the master, upon a reference to him of the amount of taxes paid by Packard and Barnard, and the payment of the same into court by complainant, the court set aside the tax deed and also decreed that Barnard take nothing by his deed from Packard.

Barnard appeals.

Messrs. WELDON & BENJAMIN, for the appellant.

Messrs. WILLIAMS & BURR, for the appellee.

Per CURIAM: This case does not differ in principle from *Gage* v. *Rohrbach*, 56 Ill. 262, *Same* v. *Billings*, ibid. 268, and *Reed* v. *Tyler*, ibid. 288. It was there held that a court of chancery might interfere in behalf of a party in possession, to remove the cloud occasioned by an invalid tax sale under which title was claimed. In this case notice of the sale was not given in the manner required by the constitution and by the statute.

The decree is affirmed.

*Decree affirmed.*