SCHETTLER vs. THE CITY OF FORT HOWARD, imp.

TAXES: INJUNCTION. *Sale of land as for a tax restrained in absence of legal assessment.*

1. To support a tax, there must be a valid assessment, made in substantial compliance with the statute. *Hersey v. Supervisors*, 37 Wis., 75, and *Marsh v. Supervisors*, 42 id., 502.
2. A uniform and intentional assessment of property in a city on a basis of *one-third* of its real value, instead of " at the *full value* which could ordinarily be obtained therefor at private sale, and which the assessor believes the owner, if he desired to sell, would accept in full payment " (Tay. Stats., 400, § 31), is invalid; and 'the collection of a tax based on such assessment, by sale of lands, will be enjoined.

APPEAL from the Circuit Court for *Brown* County.

This was an action to restrain the defendants, the *City of Fort Howard and its treasurer*, from collecting certain alleged taxes for 1874 upon real estate of the plaintiff in that

city. Judgment was rendered for the plaintiff, for the relief asked; and the defendant city appealed.

The case is sufficiently stated in the opinion.

*W. J. Lander*, for the appellant.

For the respondents, a brief was filed by *Tracy & Bailey*, and the cause was argued orally by *Mr. Tracy*.

COLE, J. Little need be said in this case, in view of the decisions in *Hersey et al. v. The Board of Supervisors of Barron County*, 37 Wis., 75, and *Marsh et al. v. The Board of Supervisors of Clark County*, 42 id., 502. In those cases it was held, that, in order to support a valid tax, there must be a valid assessment made in substantial compliance with the statute; that a proper listing and valuation of property by the assessor constitute the very foundation of the subsequent proceedings; and that where the assessor makes an assessment in direct violation of the rules and principles prescribed by statute, the tax fails. It is quite unnecessary to restate the argument in support of these results. It only remains to apply the doctrine of those cases to the one before us.

This case involves the validity of a tax on real estate in Fort Howard for the year 1874. The plaintiff challenges the validity of the tax on various grounds, only one of which will be noticed. On the trial, James Delaney was sworn on the part of the plaintiff, and testified substantially as follows: " I was assessor in Fort Howard in 1874, and made the assessment there that year. I made the assessment upon the basis of about one-third the real value of the property." Again, in another part of his testimony, when speaking of the basis upon which he assessed the property of certain manufactories, he says: " I can answer positively that I did not assess those manufactories low to encourage manufacturing in the city; I had no such intention, and assessed it at what I thought was one-third of its full value, and what I think was an equal valuation of all other property in the city, as near as my judg-

ment would allow. I assessed it at what I thought was one-third its true value." Indeed, the fact is undisputed, that the rule or basis upon which all the real and personal property in Fort Howard was assessed for that year, was one-third its actual value. It is very plain that such an assessment was wholly unauthorized, and in direct violation of the statute upon the subject. The statute declares that "real property shall be valued by the assessor from actual view at the *full value* which could ordinarily be obtained therefor at private sale, and which the assessor shall believe the owner, if he desires to sell, would accept in full payment." (Tay. Stats., 400, § 31.) As elements of value, the assessor is required to consider certain things in making the assessment of real estate. Without referring in detail to the provisions in respect to the assessment of personal property, it is sufficient to say that, as far as practicable, it is required to be assessed upon actual view, at its full value. And the oath annexed to the assessment roll requires the assessor to swear, among other things, that each valuation of property made by him is the *full value* which could ordinarily be obtained for the same at private sale, and which the assessor believes the owner, if he desired to sell, would accept in full payment thereof. (Sec. 56.) It appears that all these plain provisions of the statute were utterly disregarded by the assessor, who assumed to make the assessment according to an arbitrary standard adopted by himself. Within the decisions above referred to, the assessment was illegal, and the tax void.

It was, however, argued by the counsel for the city, that as all of the property was valued upon the same basis, the illegality in making the assessment could work no injury to the plaintiff. But if it be true, as this court has held, that a valid tax must be founded on a valid assessment, the argument proves nothing. There is really no security to the tax-payer, except in requiring assessors to perform their duty, and make assessments in substantial compliance with the law. For, if

the assessor in one town is permitted to assess property at one-third its value, the assessor in another town may assess it at one-half or one-fourth, and still another at double its value, substituting the mere caprice of the officer for the rule of the statute, and resulting in the grossest inequalities and injustice in the taxes imposed. Therefore, without considering any other question in the case, we affirm the judgment, on the ground that the assessment as made was illegal and void.

RYAN, C. J. Some surprise and apprehension were expressed at the bar, upon the argument, at an intimation from the bench of the ground of judgment in this case, following *Hersey v. Supervisors*, 37 Wis., 75, and *Marsh v. Supervisors*, 42 id., 502.

It was intimated, as it has been on other occasions, that the statutory rule of assessment is frequently or generally disregarded by assessors, and that the consequence of holding assessors to a compliance with their duties, under the statute and the constitution, would be disastrous.

It is impossible for me to judge how far so vicious a habit may prevail among assessors. But even if it were universal, it seems impossible to me that it should influence the court to hesitate in giving effect to all the consequences of their willful disregard of duty. If it be true that assessments throughout the state are frequently, or generally, or universally made in defiance of the statutory rule, it appears to me better that the state, and the municipal corporations of the state, should suffer inconvenience, than that our whole system of taxation should, at the mere will of local officers, be a fraud upon the constitution, and statutes carefully framed in compliance with the constitution.

The question, I think, resolves itself into this: whether statutory officers can, in the execution of their office, willfully disregard the safeguards of the statute which creates their office; whether it is for the legislature to provide a general

and constitutional rule of assessment, or for assessors to set the statute at defiance, and to establish, each for himself, several and unconstitutional rules.

The statute is so carefully framed that it does not lightly trust the conscience of assessors. It requires from each a precise and positive affidavit that he has made his assessment upon the statutory rule. If an assessor do not annex his affidavit to his assessment roll, he does not complete his duty, and there is in law no assessment. If the assessor make and annex the affidavit to an assessment made in violation of the statutory rule, he takes an absolutely false oath in the execution of his office. What faith can be reposed in an assessment so made and so verified? *Falsus in uno, falsus in omnibus.* What security is there that such an assessment is just, equal or honest, in other respects, even upon the rule of the assessor?

It is very easy for assessors to be honest in the discharge of their duties; and if honest, their errors of judgment can operate little to impair the uniform rule of the constitution. If they should be suffered to substitute a rule of their own for the rule of the statute, and yet to uphold their assessments by an oath that they have followed the statutory rule, it appears to me not extravagant to say that taxation in this state would rest less upon a uniform rule of assessment, than upon a uniform rule of fraud and perjury.

I am quite sure that no argument of inconvenience will ever induce this court to lend its sanction to such deliberate fraud perpetrated in the name and by the authority of the state, in a proceeding which purports to be a just and uniform exercise of a sovereign power. It seems to me that would be a wanton abuse of judicial authority.

*By the Court.* — Judgment affirmed.