SALSCHEIDER vs. THE CITY OF FORT HOWARD, imp.

TAXATION: INJUNCTION. *(1) Collection of tax restrained for lack of valid assessment. Practice in Supreme Court. (2) Summary reversal under Rule 17.*

1. In an action to restrain the collection of a tax on lands in a city, assessed in 1874, the assessor testified, in substance, that the valuation of real property in said city for that year was made on the basis of one-third the real value, but finally said that, *had all the property in the city been thrown on the market on the day of assessment,* he thought it would not have brought in cash more than the sums at which it was assessed; and in that view he testified that he assessed the property at its full value. The judgment below was rendered before ch. 334 of 1878. *Held,* that collection of the tax was properly restrained.
2. Where a cause, on being called for argument in this court, was duly submitted on respondent's behalf, there can be no summary reversal under Rule 17, upon the ground that appellant's counsel was not served with the brief for respondent eight days before the cause was called, as required by Rule 14.

APPEAL from the Circuit Court for *Fond du Lac* County. This action was brought to restrain the collection of taxes assessed in the year 1874 against certain real estate of the

plaintiff in the city of Fort Howard. Although other grounds for enjoining the collection of such taxes are stated in the complaint, the only ground therein stated upon which any testimony was given is, that " the valuation of said lands of plaintiff, and of all the lands in said city, was fixed by the assessor upon an improper, unjust and illegal basis." This averment is denied in the answer of the defendant city, but the levy of the tax and the title of the plaintiff to the real estate assessed to him, as stated in the complaint, are therein admitted.

The only testimony given on the trial was that of James Delaney, the assessor of the city of Fort Howard for the year 1874, who made the assessment upon which the taxes in question are based. When the action was brought, the tax-roll was in the hands of the defendant Fisk, the treasurer of said city, for collection.

The circuit court found as follows: "1. That the taxes so assessed, levied and attempted to be collected, are a lien upon plaintiff's said real estate, and a cloud upon his title. 2. That they are illegal, inequitable and void. 3. That the plaintiff is entitled to the relief demanded in the complaint."

The defendant city appealed from the judgment entered pursuant to the findings, restraining the collection of such taxes.

*W. J. Lander*, for the appellant.

The cause was submitted for the respondent on the brief of *Tracy & Bailey.*

LYON, J. The assessment in question in this action was held, in *Schettler v. The City of Fort Howard*, 43 Wis., 48, insufficient to support a valid tax. It was so held on the testimony of the assessor (who was the sole witness in this case), that he made the assessment on the basis of one-third the real value of the property assessed. In the present case he testified substantially the same, but finally said that, had all the property in the city been thrown on the market on the day of the assessment, he thought it would not have brought in

cash more than the sums at which it was assessed. From that standpoint, he testified that he assessed the property at its full value.

This is not the rule of the statute. The assessor was not required or permitted to speculate upon what a given parcel of land would sell for at a sale on the same day of all the real estate in the city, but to ascertain the full value or price, according to his best judgment, which could ordinarily be obtained for each parcel at private sale, and which he believed the owner would accept for it, if he desired to sell. The case was decided before the enactment of ch. 334, Laws of 1878, and is ruled by the judgment in *Schettler v. The City of Fort Howard.* It is entirely unnecessary, therefore, to discuss any question involved in the case.

An earnest appeal was made to the court by the learned counsel for the city, to overrule the case of *Schettler v. Fort Howard.* That case was decided on the authority of *Hersey v. The Board of Supervisors of Barron County,* 37 Wis., 75, and *Marsh v. The Board of Supervisors of Clark County,* 42 id., 502; and the decision was followed at the same term in *Goff v. The Board of Supervisors of Outagamie County,* 43 id., 55. These cases were carefully considered, and we think were correctly decided. The reasons why we cannot overrule them, and thus give the sanction of this court to perjury and inexcusable disregard of official duty, are sufficiently stated by the chief justice in *Schettler v. Fort Howard.*

2. A motion has been submitted by the appellant, for a reversal of the judgment under Rule 17 of this court, for the reason that he was not served with the brief of the opposite counsel eight days before the cause was called for argument, as required by Rule 14. The motion must be denied. When the cause was called for argument, it was duly submitted on behalf of the respondent, and hence no cause exists for a summary reversal under Rule 17.

*By the Court.* — The judgment of the circuit court is affirmed.