## PIER vs. FOND DU LAC COUNTY and others.

*November 4 — November 22, 1881.*

53  421
107  508

53        421
116      ²176
61 LRA   928

EQUITY.  *Action to prevent a cloud upon title:  under what circumstances and by whom it may be maintained    Parties thereto.*

1. Where the facts which render an assessment upon land invalid are not matter of record, an action to prevent a cloud upon the title, by setting aside the assessment, may be maintained either by the present owner of the land in possession, *or by one who has conveyed it by warranty deed with full covenants.*

2. In such an action by the grantor, the grantee, though a proper, is not a necessary party. And especially where parcels of the land have been granted to many persons severally, they will not be held necessary parties, since that would render necessary a separate suit in the case of each parcel, under the doctrine of *Barnes v. Beloit*, 19 Wis., 193.

3. The fact that in this case the alleged cloud is through a *reässessment* made *subsequently* to the deed, will not prevent the grantor from maintaining the action, where, under the statute authorizing such reässessment, any title which (by the statutory limitation of actions and rules of evidence) might be acquired through a sale and deed under such reassessment, would be adverse to that of the grantor, and render him liable on his covenants.

APPEAL from the County Court of *Fond du Lac* County.

Action, against a county and its treasurer and deputy treasurer, to set aside a reässessment of certain lands made in 1879, and the imposition upon said lands in that year of payment of taxes for the years 1873–1877, inclusive, and to restrain the collection of such taxes. The complaint alleged, among other things, that plaintiff was sole owner of a portion of the lands; that he owned an undivided five-twelfths of a certain other portion, and an undivided half of a certain other portion; and that of a third portion, consisting of eight lots, he was not the present owner of any part, but had conveyed to two persons named, in November, 1879, by deed with full covenants of warranty, an undivided half (which he then owned, and had owned for six years) of seven of said lots, and in December, 1874, by like warranty deed, had conveyed to a person named, an undivided half (which he then owned, and had owned for more than two years) of the eighth of said lots. The facts alleged to show the invalidity of the proceedings for a reässessment will not be stated here.

The defendants demurred to so much of the complaint as purported to set forth a cause or causes of action in respect to the eight lots last above mentioned, specifying as grounds of demurrer that it appeared upon the face of the complaint, 1. That as to said cause or causes of action there was a defect of

parties plaintiff. 2. That as to said lots the complaint did not state facts sufficient to constitute a cause of action. They also demurred to the whole of the complaint, on the ground that several causes of action were improperly united therein.

The plaintiff appealed from an order sustaining the demurrer.

- For the appellant there was a brief by *Shepard & Shepard*, and oral argument by *T. R. Shepard:*

1. The action was brought to prevent threatened injuries to sundry parcels of real property; and the several causes of action, if more than one is stated, are properly united. R. S., sec. 2647, subd. 3. But the case stated, though affecting different property interests of the plaintiff, is in its nature single, or at all events is so at plaintiff's election. As the pleading shows, the reässessments upon the parcels named were made at one time, pursuant to one resolution, as a part of one scheme; and the threatened sales of all the parcels to satisfy such reässessments were to take place at one time, under one notice, and by one officer, a defendant. In an analogous action at law, as one to recover illegal taxes paid under protest, it would no doubt be held that as to each parcel a separate cause of action was or should be stated. But no such strict rule ever governed the presentation to the court of chancery of a case for relief. Separate counts in a bill in equity were unknown; and they are equally inappropriate in a complaint in an action of an equitable nature under the code, where the several wrongs against which relief is sought can best be stated together. The complaint cannot, of course, be attacked upon this demurrer on the ground that the several causes of action, if such, are not stated separately. *Clark v. Langworthy*, 12 Wis., 441; *Akerly v. Vilas*, 25 id., 703; *Riemer v. Johnke*, 37 id., 258; *Sentinel Co. v. Thomson*, 38 id., 489. 2. If it is true that the complaint states but a single cause of action, then the demurrer on the ground that it does not state a cause of action as to the parcels not owned by the

plaintiff, and on the ground of a defect of parties, must fail as going only to a part of a cause of action. *Cobb v. Frazee*, 4 How. Pr., 413; *Lord v. Vreeland*, 24 id., 316. But, apart from this objection, it is submitted that the plaintiff can invoke the aid of equity to prevent the illegal sale of lands conveyed by him with warranty. *Ely v. Wilcox*, 26 Wis., 91; *Malins v. Brown*, 4 N. Y., 403; *Bennett v. Abrams*, 41 Barb., 619; *Owen v. Paul*, 16 Ala., 130; *Peebles v. Estill*, 7 J. J. Marsh. (Ky.), 408. What the warrantor can now show to be a wrongfully asserted lien or title, may in time ripen into one which his grantee cannot impeach, and for the damages resulting from which he will thus be answerable on his warranty. 3. There is no defect of parties plaintiff as to the parcels not owned by the plaintiff. The joinder of the owners of such parcels would not prevent a multitude of suits. Were they joined, it could not be in so comprehensive an action as this; for the complaint, embracing lands owned by this plaintiff also, would be multifarious. It would be necessary to bring one action as to this plaintiff's own lands, and others as to the parcels conveyed respectively. But this plaintiff, being the person chiefly and ultimately interested as to some of these lands, and solely as to the rest, has sought relief in this one action as to all of his interests, thus avoiding, rather than promoting, multiplicity of suits.

For the respondents there was a brief by *Vilas & Bryant*, and oral argument by *Wm. F. Vilas:*

1. The plaintiff having neither title nor possession of the land mentioned in the causes of action demurred to, and no rights arising in his favor from any contract, he has no ground to maintain such causes of action merely because he has conveyed the land with the usual covenants for title. Equity relieves an owner of land from a cloud on his title, not because the title is in fact defective therefrom, but because, although no actual injury to the title, such an appearance of defect may be an injury to his free disposition of his property. But a

cloud is no injury to a covenantor, since it cannot operate in any case, being of no actual validity, to work a breach of his covenant. (In support of this view counsel cited *Bissell v. Kellogg*, 60 Barb., 617, and other cases referred to in the opinion.) 2. The owners of the several parcels of land are necessary parties. If the plaintiff should prevail, a reässessment of the taxes becomes necessary. Judgment cannot be rendered until that shall be had. *Monroe v. Fort Howard*, 50 Wis., 228. The owners of the land should be parties in order to be bound. Unless they are bound by the final judgment dismissing the complaint,— in case the reässessment should show the amount of the tax, properly liquidated, to be as much or more than before (ch. 128, Laws of 1881),— the whole proceedings, action and reässessment, may go for nothing.

CASSODAY, J. In support of the demurrer, counsel in effect insist: (1) That as to the lots to which the plaintiff had no title he can have no cause of action to prevent the imposition of an illegal tax, notwithstanding he had conveyed such lots by warranty deed with full covenants after the taxes were levied. (2) That if he can so sue, at least there should be joined with him the owners of the land named in the complaint. It is also insisted, as a corollary from these two propositions, but not argued, that there is a misjoinder of causes of action. In support of the first proposition insisted upon, we are referred to *Bissell v. Kellogg*, 60 Barb., 617; *Townsend v. Goelet*, 11 Abb. Pr. (N. Y.), 187; *Levy v. Merrill*, 52 How. Pr., 365; *Thomas v. White*, 2 Ohio St., 547; *Toulmin v. Heidelberg*, 32 Miss., 272; *Ross v. Young*, 5 Sneed, 627.

*Bissell v. Kellogg* was an action to remove a cloud upon the title to land belonging to the plaintiff Bissell, consisting of a mortgage executed by the plaintiff Adams prior to his conveyance of the land, which mortgage was of record, and had been adjudged in a former suit to be usurious. The court

seemed to lay stress on the fact that "no relief" was "sought against the bond of Adams," given with the mortgage. The opinion of the court then states: "Such a bill *(quia timet)* is only entertained in equity where the complainant is endangered by the outstanding obligation sought to be cancelled. Where it appears *upon the face of the obligation*, or by *evidence not liable to be lost*, that the complainant cannot, in judgment of law, be endangered, the suit cannot be maintained. Here the plaintiffs allege and prove that the usurious character of this mortgage was determined in and appears by the record of the former suit. *This is evidence of record.* In such case there is no necessity for a bill *quia timet*, to entertain which is discretionary with a court of equity." Page 630. That case went to the court of appeals, and was there affirmed, but the question above referred to was not there considered. 65 N. Y., 432.

In *Townsend v. Goelet* the opinion states that "the apparent incumbrance and lien [judgment] were obtained by Goelet after the title passed from plaintiff, and he is in no wise privy or party to, or connected with, the judgment, and has not covenanted against it, even if the deed by which he conveyed the lands contained any covenants, which does not appear from the complaint. . Being no party to the judgment, nor holding title to the land apparently incumbered thereby, the plaintiff, as he states, agreed to procure the lands to be discharged from the lien of the judgment. I cannot see that such agreement can authorize him to maintain this action against parties with whom, before making that agreement, he had no privity or relation whatever." Page 189.

· In *Levy v. Merrill* the case of *Townsend v. Goelet* is distinguished, and the court held that "an action may be maintained to have a bond and mortgage declared to be of no validity, although the land upon which the mortgage is claimed to be a lien has been sold by the heirs of the mortgagor, when a part of the consideration money, equal to the amount of the

mortgage, has been retained and deposited in a trust company, to abide the event of an action to determine the validity of the bond and mortgage." The decision, so far as it has any application, seems to be against the position of the counsel by whom it is cited, and is based upon the fact, to use the language of the opinion, "that the plaintiffs are practically without remedy in the premises, unless this action be maintainable." Page 366. On appeal, that opinion was sanctioned at general term. 14 Hun, 145.

In *Thomas v. White* the bill was dismissed on the merits, but not on the ground that the complainant was not in the actual possession. THURMAN, J., giving the opinion of the court, said: "Thomas [the complainant] does not himself occupy the land, but his vendees, or their assigns, to whom as yet no conveyance has been made, do occupy it. They are in possession, claiming title under Thomas, and not adversely to him. Under such circumstances their possession is his possession, so far as the present question is concerned." Page 547.

The facts in *Ross v. Young* and also in *Toulmin v. Heidelberg* were so unlike the facts here presented as to require no consideration. Thus the authorities upon which we are asked to sustain this order are clearly distinguishable from the facts of the case at bar.

No case is cited by either party where the facts were such as to present the precise question here involved. The case which comes the nearest is *Ely v. Wilcox*, 26 Wis., 91. In that case one Matson sold and conveyed certain land to the plaintiff, and subsequently Matson conveyed the same land to one of the defendants, and he conveyed the same to the other defendant. Prior to the commencement of the action by Ely, he had conveyed to "sundry and large numbers of persons," for "sundry valuable considerations and large sums of money," a large portion of the premises by lots according to the recorded plat, by deeds, each of which "contained the usual full covenants and general warranty of title;" and such purchasers

had severally entered into the possession of the lots so purchased by them respectively. Upon such facts this court held that "the grantor of land in parcels to numerous parties, with warranty, has such an interest as entitles him to avoid, by suit, a deed to another party which clouds his title." That decision is assailed by counsel as unsound, and we are now urged to overrule, or, at least, limit, its application; but it must be apparent, from the analysis given, that the court would be unwarranted in doing so upon the strength of the authorities cited — certainly not by *Levy v. Merrill*, for that, as stated, is in harmony with *Ely v. Wilcox*. Besides, the case of *Ely v. Wilcox* seems to be supported by *Malins v. Brown*, 4. N Y., 403, and *Owen v. Paul*, 16 Ala., 130, therein cited. But the case has additional support.

*In re Phillips*, 60 N. Y., 16, under a statute prescribing a particular remedy on petition by a "party aggrieved," to vacate an assessment for a local improvement in case of fraud or legal irregularity, it was held, reversing *S. C.*, 2 Hun, 212, and *S. C.*, 4 N. Y. (T. & C.), 484, that "a former owner of premises assessed, who is bound to indemnify his grantee against the assessment or to remove it as a cloud on title, is a party legally aggrieved. and is entitled to apply for relief as prescribed by the act." Since the act referred to did not undertake to create the right, but merely to prescribe the remedy, it would seem that, if the party bound by his covenants "to indemnify his grantee against the assessment" was "legally aggrieved" in that case, then the plaintiff here, who is bound by his covenants of warranty to defend against the reässessment of the taxes levied thereon prior to his conveyance, is also aggrieved in case such reässessment turned out to be without foundation. See also *Pier v. Fond du Lac*, 38 Wis., 470; *Eaton v. Trowbridge*, 38 Mich., 454. Here the facts confessed by the demurrer render the reässessment of these lots void. It is true, the allegations showing the same are quite general; but, in the absence of a motion to make them

more definite and certain, they must be regarded as sufficient. This being so, the owners of the lots, under the repeated decisions of this court, would have the right, upon a similar complaint, to enjoin the collection of the tax. *Hersey v. Barron Co.*, 37 Wis., 75; *Marsh v. Clark Co.*, 42 Wis., 502; *Schettler v. Fort Howard*, 43 Wis., 48; *Goff v. Outagamie Co* id., 55; *Salscheider v. Fort Howard*, 45 Wis., 519. This seems to be conceded by counsel. The facts which render the reässessment invalid appear from the complaint to exist *dehors* the record, and hence create a cloud, upon well-recognized principles. High on Inj., §§ 374, 525; *Marsh v. Brooklyn*, 59 N. Y., 280; *McPike v. Pen*, 51 Mo., 63; *Scofield v. Lansing*, 17 Mich., 437; *Gage v. Rohrbach*, 56 Ill., 262; *Lee v. Ruggles*, 62 Ill., 427. Such action may be maintained to prevent a cloud being cast upon a title, as well as to remove a cloud already created. Same authorities, and *Mann v. Utica*, 44 How. Pr., 334; *Dean v. Madison*, 9 Wis., 402; *Gage v. Chapman*, 56 Ill., 311, *Pier v. Fond du Lac*, 38 Wis., 470.

In *Pier v. Fond du Lac* it was held that such action could be maintained by the owner, though not in possession. Since, then, the plaintiff's respective grantees could have enjoined the imposition of the reässessment, the question occurs whether such grantees are obliged to institute such affirmative proceedings in order to maintain an action against the plaintiff on his covenants. Or could such grantees remain passive until such tax-title claimants should seek possession by ejectment, and then, if ousted, recóver against the plaintiff on his covenants?

In *Peters v. Meyers*, 22 Wis., 602, there was no affirmative action upon the part of Peters, nor any one. In fact, Peters made no resistance to the tax-title claimant when he appeared with his deed, but at once vacated the premises; and yet this court held that the covenants of his deed, taken before the reässessment, were broken by virtue of the taxes not being paid for certain years prior to the making of the covenants. We are clearly of the opinion that the grantees

would not lose their remedy against the plaintiff, on his covenants, by remaining silent until evicted by the tax-title claimant under this reässessed tax.    Since this is so, and since void tax proceedings, which could readily be enjoined in their inception, may, under the statutory rules of evidence and limitation, become so strengthened and fortified as to preclude any defense to a tax deed taken thereon, it follows that such grantor, with covenants of warranty, is powerless, and wholly subjected to the voluntary action of his grantees to enjoin the enforcement of such void reässessments; or else that such covenantor, having no adequate remedy at law, may come into equity and shield the property from an imposition which would operate as a breach of his covenants.    This seems to be one of the tests of equitable interference.    1 Story's Eq. Jur., § 699.    To say that such covenantor is not aggrieved, and has no such interest in the land conveyed as would authorize a court of equity to prevent such imposition, but that he must remain passive until the void tax proceedings have, by statutory rules of evidence and limitation, acquired such strength and significance as to become irresistible when sued upon his covenants, is to hold that the court is powerless to prevent the confessed wrongful imposition sought to be imposed.    Upon principle, as well as authority, we are satisfied that such is not the law.

In *Brooks v. Fowle*, 14 N. H., 248, the reason for interposition was no more imperative than here, and PARKER, C. J., said:  "The plaintiff has no title to the land in question, having long since sold to Gerould, the present tenant.    If the question, then, were simply whether a possession should be quieted by injunction, it might be doubted whether the present plaintiff was entitled to maintain this bill.    But the plaintiff is a warrantor of Gerould, who is in possession, as it is alleged, under a conveyance made to him from the plaintiff; and as the rights of Childs, and of the defendants through him, may depend upon an account to be stated between the present

plaintiff and Childs, he seems to be a proper party to the questions which have been raised in the case. If an account is to be taken, he is a necessary party to that proceeding; and that consideration, and the operation of his conveyance to Gerould and his liability on his covenant of warranty, would make him a proper party if Gerould himself were seeking relief." Page 258. It was there intimated that the court would have required the grantee to be made a party, had the objection been taken at an earlier stage of the proceedings; but it was held that there was no difficulty, in his absence, in granting the relief prayed for.

In *Peebles' Heirs v. Estill*, 7 J. J. Marsh., 408, the bill was brought by the heirs of the covenantor, and was dismissed because the personal representative of the ancestor was not made a party; but the decree was reversed on appeal, and it was held that "an heir liable upon warranty of an ancestor has a right, by bill *quia timet*, to ask the interposition of the chancellor to prevent a sale of land by which his responsibility would be consummated." See *Switz v. Black*, 45 Iowa, 597. In this case it seems to us that, although the grantees would have been proper parties, yet from the nature of the case they were not necessary parties. If the plaintiff succeeds in preventing the imposition of the tax on the land, then, of course, the grantees are protected. If he fails, then he would certainly be estopped from defending against his covenants in case his grantees should be evicted. The case is peculiar. The cloud or imposition sought to be prevented is by reason of proceedings had subsequently to the making of the covenants, and not merely by reason of facts existing at the time of the covenants. The action is not to remove a cloud existing at the time of purchase, but to prevent a void reässessment from being transformed, by virtue of the statutory rules of evidence and limitation, into an absolute title, hostile to the covenants previously made. In such a question the grantee's interest is, to say the

least, much less than and subordinate to the interest of his covenantor.

This court has held that "two or more lot-owners in a city cannot unite in an action to restrain the sale of lots owned by them severally, for taxes illegally assessed, or to prevent the execution of deeds for such lots upon such sale, but each must bring his several suit." *Barnes v. Beloit*, 19 Wis., 93. Such being the settled rule of practice in this state, it would seem that in case we should hold that each of the plaintiff's several grantees should be made parties plaintiff, as claimed by counsel for the respondent, then the case would have to go out of court, on the ground that several causes of action had been improperly united. The rule requiring the presence of all parties directly interested in the subject matter of the litigation, is to prevent a multiplicity of suits; but here it is invoked to create a multiplicity of suits. When such is the effect of adding the new parties, the reason of the rule would seem to be inapplicable; and we are not disposed to enforce the rule in a case like this, where an action is brought by the covenantor to prevent the consummation, through a void reässessment, of a valid, indefeasible title, hostile not only to the covenantor but to his grantees, and where the making of such grantees parties would result in the abatement of this suit and the commencement of several others.

The reasons already given sufficiently dispose of the third ground of demurrer. We think there is no misjoinder of causes of action. It may be that the complaint was objectionable on the ground that there were several causes which should have been separately stated, but such objection cannot be considered on demurrer.

*By the Court.*— The order of the county court is reversed, and the cause is remanded for further proceedings according to law.