## Jacob Sankey et al.

### v.

## William C. Seipp et al.

*Tax Sales—Precept—Sec. 194, Chap. 120, R. S.—Equity—Jurisdiction—Practice.*

1. A sale of lands for taxes is invalid unless the county clerk has made the certificate to be entered of record as required by Sec. 194, Chap. 120, R. S. To make the sale valid there must be a valid precept.

2. Where a tax certificate has been issued on an illegal sale of land for taxes, a court of equity has jurisdiction of a bill to remove the cloud on the title.

3. An offer in the bill to pay whatever moneys, taxes and interest equity may require, is a sufficient offer to do equity.

4. Upon the remanding of the cause the court below may deal with deeds issued on the certificates in question pending this proceeding. Such deeds are of no higher validity than the certificates.

[Opinion filed September 19, 1888.]

In error to the Superior Court of Cook County; the Hon. Henry M. Shepard, Judge, presiding.

Mr. F. W. S. Brawley, for plaintiffs in error.

Messrs. H. S. Mecartney and Augustus N. Gage, for defendants in error.

Moran, P. J. Plaintiffs in error filed their bill in the Superior Court against the defendant in error, seeking to have certain certificates of sale for taxes held by some of the defendants canceled as clouds on complainant's title, and the said sale for taxes, in pursuance of which said certificates were issued, annulled. A large number of lots are described in the bill, and the persons to whom sold, named, and the amounts for which said lots sold respectively stated.

It is alleged that at the time of filing the bill and for several years prior thereto complainants were the owners in fee simple

of said lots, and that all of them were unimproved and unoc-cupied except two, which were in the possession of complain-ants by tenant; that the county collector, attended by the county clerk, sold said lots in October, 1884, for some pretended tax or assessment, and the county clerk issued to the said purchas-ers the usual certificates of purchase. As ground for cancel-ing said certificates the bill alleges that the county clerk of Cook County did not, at any time before said pretended sales, make any certificates to be entered on the record as required by the statute in such case made and provided, which should be the process on which all real property or any interest therein, should be sold for taxes, special assessments, interests and costs due thereon; therefore, said sales were illegal and the certifi-cates issued thereon clouds on complainant's title, and should be canceled. The prayer is that said several sales may be annulled and the said certificates set aside and declared void as against complainant as a cloud upon his title to said lots, and that the county clerk of Cook County may be enjoined from issuing any deed or deeds upon said sales or either of them, complainant to pay whatever moneys, taxes and interest equity and the court might require of him in that regard. A general demurrer was filed to the bill and on argument the demurrer was sustained and the bill dismissed for want of equity. This was error.

The statute relating to the sale of lands for taxes, provides as follows: Sec. 194, Chap. 120 R. S. "On the day adver-tised for sale, the county clerk, assisted by the collector, shall carefully examine said list upon which judgment has been ren-dered, and see that all payments have been properly noted thereon, and said clerk shall make a certificate to be entered on said record, following the order of court, that such record is correct, and that judgment was rendered on the property therein mentioned for the taxes, interest and costs due thereon, which certificate shall be attested by the clerk under seal of the court, and shall be the process on which all real property, or any interest therein, shall be sold for taxes, special assessments, interest and costs due thereon," and the form of such certifi-cate is specified.

Sankey v. Seipp.

It is sufficiently alleged in the bill that the clerk did not, at any time before the sale, make any certificate to be entered of record as required by the terms of the foregoing section of the statute and such allegation in the bill is admitted by the demurrer to be true. The failure of the clerk to make such certificate, rendered the sale invalid; for, while the tax judgment may have been valid, there was no valid precept to the officer assigned by law to make the sale. To make a valid sale, a valid precept is as essential as a valid judgment; either lacking, the sale is void. Eagan v. Connelly, 107 Ill. 458.

The certificates of sale issued to defendants in error in pursuance of such sale, were therefore invalid and a cloud upon complainant's title, and it has been repeatedly decided by the Supreme Court of this State that where a tax certificate has been issued upon an illegal sale of land for taxes, a court of equity will take jurisdiction to annul the sale and cancel the tax certificate and thus remove the cloud upon the title to the land. Gage v. Rohrback, 56 Ill. 262; Gage v. Chapman, 56 Ill. 311; Phelps v. Harding, 87 Ill. 442.

Complainants, in their bill, offer to pay whatever moneys, taxes and interest equity may require. This was a sufficient offer to do equity, and under such offer the proper course was for the court to require complainants to refund to the defendants in error the amount paid by them, with interest on the sum or sums paid at the rate of six per cent. from the date of judgment, and on that being done to cancel the certificates. Gage v. Pistle, 20 Legal News 298; Gage v. Nichols, 112 Ill. 269.

It will be noted that the demurrer filed to the bill in this case was not a demurrer for multifariousness, but a general demurrer to the bill for want of equity.

There can be no doubt of the equity of the bill. The defendants in error have filed a plea in this court in bar of the writ, in which they aver that since the dismissal of the bill in the court below, and before the suing out of this writ of error, deeds have been issued to them on said certificates by the county clerk.

To this plea, plaintiffs in error have demurred. There is

nothing alleged in the plea to bar the writ. The deeds are of no more validity than the certificates, and they can be dealt with upon proper suggestions on the return of the case to the Superior Court. The decree dismissing the bill will be reversed and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*