NELSON and others, Respondents, vs. GUNDERSON, Appellant.

*January 12—February 9, 1926.*

*Covenants: Breach: Taxes upon a reassessment.*

1. A purchaser under a warranty deed may recover from the vendor the amount of a tax upon a reassessment for a period prior to the purchase, under the doctrine that the tax relates back to the time when the property first became subject to be taxed.  p. 140.
2. An action in debt in Wisconsin for taxes will lie for taxes on personal property only.  p. 141.
3. The right and duty to reassess taxes make them, when so assessed, a lien against the property at the time when they should have been assessed.  p. 141.

APPEAL from a judgment of the superior court of Douglas county: ARCHIBALD McKAY, Judge. *Affirmed.*

This was an action in debt to recover the taxes paid by the plaintiffs, assessed against lands conveyed to the plaintiffs by statutory warranty deed, which taxes were assessed against the land subsequent to such conveyance under a reassessment for the year prior to the conveyance. Judgment was rendered in favor of the plaintiffs, and defendant appeals.

The cause was submitted for the appellant on the brief of *Wilson & Wilson* of Superior, and for the respondents on that of *E. S. Geraldson* of Superior.

CROWNHART, J. There is only one question in this case. Plaintiffs sue to recover for a tax assessed against their land, which they purchased from the defendant under a statutory warranty deed. Plaintiffs purchased the land April 4, 1921, and subsequent to the purchase, in the same year, a reassessment of taxes for the year 1920 was made, and an additional sum of $84.98 was charged against said land and entered in the tax rolls of 1921. On March 15, 1922, plaintiffs paid said additional tax and brought this action against the defendant for recovery on the warranty, for which they had judgment.

The appellant contends that the court erred in finding that the sum paid by plaintiffs by reason of the reassessment was a lien upon the real estate at the time of execution and delivery of the deed. Many cases are cited from other jurisdictions to sustain his contention, but this court, in an early case, decided to the contrary. *Peters v. Myers,* 22 Wis. 602. Since then this case has been several times cited with approval. *Evans v. Sharp,* 29 Wis. 564, 575; *Simmons v. Aldrich,* 41 Wis. 241, 250; *Plumer v. Marathon Co.* 46 Wis. 163, 181, 50 N. W. 416; *Flanders v. Merrimack,* 48 Wis. 567, 572, 4 N. W. 741; *Pier v. Fond du Lac County,* 53 Wis. 421, 429, 10 N. W. 686; *State ex rel. Davis & Starr L. Co. v. Pors,* 107 Wis. 420, 425, 83 N. W. 706; *Patterson v. Cappon,* 125 Wis. 198, 202, 102 N. W. 1083.

In *Peters v. Myers, supra,* the court held that a reassessment tax, under the doctrine of relation, relates back to the time when the property first became subject to be taxed.

Some authorities hold that a tax is a debt, and if that is so, of course the plaintiffs could not be held liable for the debt if they were not the owners of the property when the debt was incurred. This court, in *State v. Railway Cos.* 128 Wis. 449, 501, 108 N. W. 594, held that a tax is not a debt unless expressly so made by statute; but in *Mariner v. Milwaukee,* 146 Wis. 605, 131 N. W. 442, it is said that "Taxes are debts due to the government which a property owner has

no more right to withhold than the most sacred debt of a private nature," citing, among others, *Peters v. Myers, supra.* The United States supreme court has held to the same effect. See *State ex rel. Globe Steel Tubes Co. v. Lyons,* 183 Wis. 107, 117, 197 N. W. 578. Evidently the difference in opinion relates to the legal effect and the moral status.

However, an action in debt in this state will lie for taxes on personal property only. Sec. 74.12, Stats.

The appellant contends that the doctrine of relation, compelling the grantor to pay under his warranty a tax that had not been assessed when the warranty was made, is unjust and inequitable. It may work a hardship in some cases. Reassessment taxes often do that. But they are based on liabilities incurred in the year in which they should have been assessed, and it is not unjust or inequitable that they be charged to the then owner of the property. The right and duty to reassess the taxes make such taxes, when so assessed, a lien against the property at the time of the grant, although such lien was unknown at the time to either party to the deed.

*By the Court.*—The judgment of the superior court is affirmed.