NICOLET SECURITIES COMPANY, Appellant, vs. OUTAGAMIE COUNTY and another, Respondents.

*February 5—March 5, 1935.*

The cause was submitted for the appellant on the briefs of *Kaftan, Rahr & Kaftan* of Green Bay, and for the respondents on that of *Samuel Sigman,* district attorney of Outagamie county, attorney, and *Frank F. Wheeler* and *James I. McFadden,* both of Appleton, of counsel.

ROSENBERRY, C. J. The demurrer to the complaint raises two questions: (1) When does the lien of a reassessment of taxes made under sec. 75.25, Stats. 1929, or under sec. 70.74, Stats. 1929, attach to the property against which the assessment is levied? (2) Does Outagamie county, a purchaser of the certificate of sale on the reassessment, because it is a county, secure a different or better title than another purchaser at the tax sale?

The facts briefly are as follows: The plaintiff became the owner by purchase, assignment, and mesne conveyances of a tax title to the premises in question based upon the taxes of 1924, 1925, and 1926, upon which certificates of sale were issued in 1925, 1926, and 1927. In 1930, the county board of Outagamie county declared the sale of 1924 for the taxes of the year 1923 illegal and void and canceled the certificates, and in the year 1930 reassessed and relevied the taxes for the year 1923. The premises were sold for non-payment of taxes and a certificate issued thereon in 1931. Plaintiff's contention is that the sale of 1931 for the taxes of 1923

relates back to the year 1923, and the lien of the tax deed is therefore cut off by the deeds issued to the plaintiff or its predecessors in interest on the taxes subsequently assessed and levied. The defendant concedes that the reassessed tax constitutes a lien on real property as of the time when the tax was originally assessed under the doctrine of relation. *Peters v. Myers,* 22 Wis. *602; *Simmons v. Aldrich,* 41 Wis. 241; *Flanders v. Merrimack,* 48 Wis. 567, 4 N. W. 741; *Pier v. Fond du Lac County,* 53 Wis. 421, 10 N. W. 686; *Evans v. Sharp,* 29 Wis. 564, 575; *Nelson v. Gunderson,* 189 Wis. 139, 207 N. W. 408.

The defendants also concede that a junior or subsequent tax cuts off an earlier tax lien as held in *Lybrand v. Haney,* 31 Wis. 230, and *Patterson v. Cappon,* 129 Wis. 439, 109 N. W. 103. The defendants, however, deny that these established rules of law are applicable to a taxing municipality as held in *Foster v. Sawyer County,* 197 Wis. 218, 221 N. W. 768; *Pereles v. Milwaukee,* 213 Wis. 232, 251 N. W. 255. An attempt is made to distinguish those cases on the ground that the lien of a tax cannot be removed until the proper governmental unit has collected the amount of the tax under the doctrine announced by this court in *Mills v. Charleton,* 29 Wis. 400. We are unable to discover anything in *Mills v. Charleton* which sustains the defendant's contention in this case. While the tax involved in that case had been set aside by a judgment of a court, it was held that the reassessment of the tax under a new grant of authority is not a reopening of the judgment by which the former assessment was declared invalid. The plaintiff in no way assails the proceedings which resulted in the cancellation of the 1924 certificate, nor does the plaintiff draw in question the validity of the reassessment statutes. The plaintiff merely asserts what has long been the declared law, that the lien of the reassessment when made is the same as the lien of the 1923 tax, had it been properly levied, assessed, and proper proceedings had for the sale of the property. This has been a rule of law in

this state for over sixty years, and we find nothing in the statute which changes or attempts to change the rule established in *Peters v. Myers, supra.* While the legislature, by the enactment of sec. 75.32, gave the county, in cases where it holds a certificate on a prior sale, the exclusive right to purchase on subsequent sales, the legislature made no attempt to change the rule of law as to the time when the lien attaches.

Apparently under a somewhat similar statute a different rule obtains in the state of Minnesota. *State v. Kipp,* 80 Minn. 119, 82 N. W. 1114. If the question were an original one, a persuasive argument might be made in support of the proposition that a reassessment is a new assessment, and the lien attaches as of the date of the last assessment. Considerations in support of that proposition, however, have been from time to time presented to this court and rejected. We see no reason why the established rule of law should not be adhered to and determine the rights of a county as well as those of any other person.

*By the Court.*—The order appealed from is reversed, and cause remanded with directions to overrule the demurrer to the complaint and for further proceedings according to law.

FOWLER, J. (*dissenting*). I cannot assent to the disposition of this case made by the court. The plaintiff holds title to lands under a tax deed based upon the tax sale of the year 1927. In 1930 the tax levied for the year 1923 was declared void and the amount of the certificate issued on the void sale was refunded to the plaintiff, and the land was thereafter reassessed for that year and a tax imposed upon the reassessment. The plaintiff sues to have the lien of this tax removed as a cloud upon his title, and to enjoin the sale of the land for non-payment of the tax based on the reassessment.

The decision is based upon the rule that the lien of a tax reassessed on land relates back to the year for which the tax is reassessed. This rule was laid down in a case be-

tween a grantee in a warranty deed and his grantor when a tax was reassessed against the land after the delivery of the deed. When a grantee holding under such a deed pays such a tax, he may recover the amount paid from his grantor, because his grantor has covenanted that the land is free from liens, and the lien in such a case is held to relate back to the year for which the tax was assessed.

This rule does not support the plaintiff's case. On the contrary, it defeats it. Under this rule the owner of the land is not relieved from payment of the tax. He is required to pay it. Because he is required to pay it, he is entitled to recover from his grantor, if he holds under a warranty deed. He secures his relief, not from the tax, but from his grantor under the grantor's covenants of warranty. A tax deed contains no covenants to afford him relief from or for payment of the tax levied on the reassessment. It neither covenants nor implies that the land is not subject to reassessment for taxes omitted to be assessed or taxes voided and refunded. Land may be lawfully reassessed and a tax levied on the reassessment. The reassessment is valid and the tax is valid. The tax being valid, it may be collected else the reassessment is futile, a mere empty gesture. It seems to me beyond controversy that if the land was lawfully reassessed for the tax of 1923 in the instant case, and it is conceded that it was, or at least presumed that it was from want of an allegation of invalidity, the owner of the land must pay the tax or suffer sale of the land for the tax. It is to my mind absurd to say that the owner of land whose title is based upon a tax deed is exempt from a tax lawfully levied on the land while he is the owner, while an owner whose title rests on a warranty deed is not exempt. It is the time of levying the tax that fixes the liability for its payment, not the year for which the tax is levied.

The opinion of the court as basis for the decision superimposes upon the rule that a tax based upon a reassessment is a lien on the land relating back to the year for which the

reassessment was made, the rule that a tax deed based on a later tax sale cuts off all titles based upon earlier tax sales, which under the case of *Foster v. Sawyer County,* 197 Wis. 218, 221 N. W. 768, is applicable to a county that buys in land on tax sale as well as to individuals that do so. But that rule is not that the later tax deed cuts off the *lien* of a valid tax based on a lawful reassessment for a year preceding the date of the deed made after the issue of the deed, but is merely that "a tax deed on later *certificates* cuts off the lien of prior certificates." *Foster Case, supra,* page 222. It has never been held that a deed based on an earlier tax certificate cuts off a title based on a later tax certificate that is based on a valid reassessment of land for a year prior to the date of the earlier certificate. If the land here involved is sold at tax sale, for non-payment of the tax based on the reassessment, the certificate issued on such sale will be the later certificate and a deed issued thereon will under the rule of the *Foster Case* cut off the title based on the 1927 certificate. The operation of the rule rests on the date of the tax certificate, not on the date of the year for which the tax involved was levied. As above stated, the tax itself being valid, the land may be sold for the tax if the owner does not pay it, and the certificate of sale will be of the same force and effect as a certificate based on any sale of any other valid tax subsequently levied, and a tax deed issued thereon will be of the same effect as any other tax deed based upon a valid tax.

The above is sufficient to support affirmance of the judgment below. But there is another good ground for affirmance. The suit is in *quia timet* to remove the alleged cloud raised by the tax levied on the reassessment. But the tax is a valid tax and therefore a lien, and not a cloud on the title, and there is no cloud to be removed. This does not apply to the case so far as the complaint contains a prayer for injunctive relief. But the case is in equity, and to warrant

equitable relief equities must exist in favor of the plaintiff. Here no equities exist. The complaint herein shows that the plaintiff was refunded the amount of the tax certificate issued on the sale of the land for the 1923 tax first levied on that tax being declared void. He should be in no better position by reason of the refund than he would have been without it. Had the tax not been declared void and no refund made, the plaintiff by taking title under a tax deed based upon the 1927 sale would have had invested in the land the amount of the 1923 tax and the amounts paid on or by reason of the taxes for the subsequent years. He would have no more invested by now paying the reassessed tax than he would have had invested had the void 1923 tax not been refunded to him. By accepting the refund the plaintiff impliedly assented to a reassessment. The tax levied on the reassessment being valid, the county is in justice entitled to insist that the plaintiff pay it or suffer the sale of his land for it, because of its refund to the plaintiff of the prior void tax. There is no injustice in requiring the plaintiff to pay the tax or submit to sale of the land to collect it, for he has once paid the tax for that year and had it refunded to him. He is in precisely the same position that he would be in had the tax not been voided and refunded to him. The county did equity to him by voiding and refunding the tax. He should do equity by paying the valid tax levied on the reassessment.

The cases of *Pier v. City of Fond du Lac,* 38 Wis. 470, and *Pier v. Fond du Lac County,* 53 Wis. 421, 10 N. W. 686, are relied on in support of the decision of the court. These cases are not in point because the taxes therein involved were *invalid* taxes. The ground of relief was the invalidity of the tax. In the opinion in the former case it is stated, p. 476, par. 2:

"If the material averments of the complaint are true (and they stand admitted by the demurrer), it is clear that the cer-

tificate of assessment, as to the unpaid portion of the assessment, is *void.*"

In the opinion in the latter case it is stated, pp. 428, 429:

"Here the facts confessed by the demurrer render the *reassessment* of these lots void. . . . This being so, the owners of the lots, under the repeated decision of this court, would have the right . . . to enjoin the collection of the tax. The facts which render the *reassessment invalid* appear from the complaint to exist *dehors* the record, and hence create a cloud, upon well-recognized principles."

I am unable to perceive how cases brought to remove apparent clouds upon title based upon void assessments or void *reassessments* can be wangled into support for removing as a cloud upon title or for injunctive relief against a valid tax based upon a valid assessment or a valid reassessment. It may further be said as to the effect of tax deeds that anything that is said in any opinion of the court to the general effect that a tax deed cuts off all prior liens, relates to liens that are in existence at the time the tax deed is issued. It has no reference to liens created thereafter. The lien here involved did not exist at the time the tax deed resting on the 1927 tax sale was issued. The lien here involved was created after that tax deed was issued, even if the lien when created related back to a time prior to the tax deed. This interpretation is necessary to give effect to sec. 70.74, Stats., which provides that *"whenever"* a tax on real estate is voided by action of a county board the land may be reassessed. The word "whenever" is all inclusive and covers the case of lands held under tax deed as well as those held by other title.

For the reasons above stated, the judgment of the municipal court should be affirmed.

I am authorized to state that Mr. Justice NELSON concurs in this dissent.