CITY OF MILWAUKEE, Respondent, vs. ROBERTS and others, Defendants: COUNTY OF MILWAUKEE, Appellant.

*October 14—November 9, 1938.*

For the appellant there was a brief by *Herbert J. Steffes,* district attorney, *Oliver L. O'Boyle,* corporation counsel, and *C. Stanley Perry,* assistant corporation counsel, and oral argument by *Mr. Perry.*

For the respondent there was a brief by *Walter J. Mattison,* city attorney, and *Ronold A. Drechsler,* assistant city attorney, and oral argument by *Mr. Drechsler.*

MARTIN, J. From the foregoing, it appears that the city's action to quiet title to the real estate in question is based on a tax deed obtained by the city on tax certificates previously sold to it. The county of Milwaukee claims a lien against the property by reason of being the purchaser of county tax certificates for unpaid county and state taxes levied for the same years as those for which the city taxes were levied but purchased prior to the date of the city tax certificates.

It appears that the parties by written stipulation have agreed that the sole issue is:

"Whether or not the interest or lien of the defendant, county of Milwaukee, by virtue of the county tax sale certificates referred to in paragraph 4 of the complaint, being respectively for county taxes for the year 1928, sold on June 13, 1929, and for county taxes for the year 1929, sold on June 12, 1930, has been cut off by the tax deed issued to the city of Milwaukee upon the tax sale certificate for 1930 extended city taxes sold on February 16, 1932."

The issue as thus stated is in our opinion ruled by the decision in *Pereles v. Milwaukee* (1933), 213 Wis. 232, 251 N. W. 255. The appellant's whole argument in the instant case as it applies to the only issue we have to decide is to the effect that the rule that a valid sale and conveyance of land for taxes under a junior assessment cuts off all prior titles and liens, was improperly applied in the light of the factual situation in the *Pereles Case, supra,* and the rule of that case should be re-examined and modified. We have re-examined the rule in the *Pereles Case* and find no good reason why it should be modified.

See *Nicolet Securities Co. v. Outagamie County* (1935), 217 Wis. 439, 259 N. W. 621.

*By the Court.*—Order affirmed.