**UNITED STATES v. CERTAIN LANDS IN CITY OF EAU CLAIRE, EAU CLAIRE COUNTY. WIS., et al.**

**No. 358 Civil.**

District Court, W. D. Wisconsin.

April 7, 1943.

Malcolm Riley, of Eau Claire, Wis. (Arthur H. Wickham, of Milwaukee, Wis., of counsel), for United States Rubber Co. and Central Hanover Bank & Trust Co.

John E. Martin, Atty. Gen., and Harold H. Persons, Asst. Atty. Gen., for State of Wisconsin.

Connor Hansen, Dist. Atty., of Eau Claire, Wis., for County of Eau Claire.

John B. Fleming, City Atty., of Eau Claire, Wis. (Francis J. Wilcox, of Eau Claire, Wis., of counsel), for City of Eau Claire.

STONE, District Judge.

The United States Rubber Company and the Central Hanover Bank and Trust Company, trustee, former owners of the property involved herein, have applied for an order of this Court directing payment to them of the sum of $60,000 heretofore deposited by the United States of America in the Registry of this Court in the above entitled proceedings. This sum was reserved for the payment of real estate taxes on the premises in question, out of the deposit of $1,000,000 made by the United States of America as just compensation for said premises.

The material facts involved are undisputed. On June 2, 1942, a petition for condemnation of the premises in question was filed herein, and the United States of America acquired title thereto on July 17, 1942. The assessor for the City of Eau Claire assessed said real estate on the 18th day of May, 1942; the assessment roll was approved by the Board of Review on July 28, 1942. On December 23, 1942, the City Council of Eau Claire fixed the tax rate for 1942 and levied the tax for that year. On December 29, 1942, the City Clerk completed the tax roll by extending thereon the tax levied for 1942, and on January 3, 1943, he delivered the tax roll to the City Treasurer for collection.

The State of Wisconsin, and the City and County of Eau Claire claimed a lien on said deposit for taxes assessed in 1942 against said premises, amounting to the sum of $50,830.50, plus interest and penalties as provided by the Wisconsin Statutes. The only issue for the Court to determine is: Was the real estate in question which was conveyed to the United States on July 17, 1942, exempt from taxation for that year? It is not exempt from taxation if the tax lien on said premises became affixed prior to July 17, 1942, the day title vested in the United States.

**226**

Section 70.10 of the Wisconsin Statutes provides that the assessments of real estate shall be as of May first of each year. Section 74.01 provides that all taxes levied upon any tract or parcel of land shall be a lien thereon until paid. The statutes also provide that after the assessment has been made, the roll shall be delivered to the Clerk not later than the first Monday in July, and that the Board of Review shall meet on the second Monday in July; that the Clerk shall retain possession of the tax roll and make corrections therein as directed by the Board of Review and thereafter the City Council shall fix the tax rate and levy the tax for the year. St. §§ 70.46, 70.47, 70.50, 70.52.

When the annual real estate taxes were levied by the City of Eau Claire on December 23, 1942, the levy included the premises in question, which were listed on the tax roll as of May 1, 1942. The Court is of the opinion that the tax lien against said premises, which became affixed on December 23, 1942, related back and attached to said premises as of the date of the assessment, May 1, 1942, and exists for the full amount of the tax, penalties and interest, for which applicants are liable. The lien attached under the Wisconsin doctrine of relation before the United States acquired title to said premises, and secures priority payment of the full tax claim. Nicolet Securities Co. v. Outagamie County et al., 217 Wis. 439, 259 N.W. 621; Peters v. Myers, 22 Wis. 602; Nelson v. Gunderson, 189 Wis. 139, 207 N.W. 408; Petition of Wausau Investment Co. et al., ·163 Wis. 283, 158 N.W. 81.

Applicants contend that if the tax lien attaches, the tax should be pro-rated and only that portion thereof should be paid as the period from January 1, 1942, to July 17, 1942, bears to the full year of 1942. This Court has no right to apportion the tax which was assessed and levied as of May 1, 1942, and finds that the entire tax lien must be discharged and paid and not a pro-rated portion thereof. United States v. Certain Parcels of Land in Philadelphia, Pa., et al., 3 Cir., 130 F.2d 782.

The State of Wisconsin, and the City and County of Eau Claire are entitled to payment forthwith, out of said deposit, the full amount of said taxes assessed on May 1, 1942, plus interest as provided in Section 74.03 of the Wisconsin Statutes of 1941. The balance of said fund, if any, remaining in the Registry of the Court, shall be paid to the applicants, United States Rubber Company and Central Hanover Bank and Trust Company, Trustee.

Counsel may submit proposed findings of fact, conclusions of law, and order directing payment to the County Treasurer of Eau Claire County, Wisconsin, of the said amount due for taxes, in accordance with this opinion.