Douglass VAN DYKE and Katherine S.
Van Dyke, his wife, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 56–C–251.

United States District Court
E. D. Wisconsin.

Nov. 1, 1957.

Douglass Van Dyke, Milwaukee, Wis.,
for plaintiffs.

Edward G. Minor, U. S. Atty. and
Howard W. Hilgendorf, Asst. U. S. Atty.,
Milwaukee, Wis., John N. Stull, Acting
Asst. Atty. Gen., James P. Garland, M.
Carr Ferguson, Attorneys, Department
of Justice, Washington, D. C., for de-
fendant.

GRUBB, District Judge.

This action is brought pursuant to the
provisions of Title 28 U.S.C.A. § 1346(a)
(1), as amended by the Act of July 30,
1954, for the refund and recovery of In-
ternal Revenue taxes alleged to have been
erroneously and illegally assessed against
and collected from plaintiffs for the year
1953.

The matter is before the court on a
stipulation of facts and briefs. The par-
ties waived argument.

The question presented is whether the
plaintiffs, on their joint return, may de-
duct from gross income for the year 1953
certain Wisconsin real estate taxes im-
posed on a parcel of improved commerical
real estate sold by plaintiff Douglass Van
Dyke and his sister, Louise Hauxhurst,
on June 26, 1953.

The material facts may be summarized
as follows: On June 26, 1953, plaintiff
Douglass Van Dyke and his sister, Louise
Hauxhurst, were each owners of an un-
divided one-half interest in certain rental
property in Milwaukee, Wisconsin. On
that date, they sold the property to Met-
ropolitan Property Corporation. The
contemplated purchase price of $118,000
was reduced by $1,730.13, an amount
equal to one-half of the estimated 1953
Wisconsin real estate tax which would

become due in December. After deducting $5,000 for a deposit previously made by the vendee, and making an adjustment for a small sum to cover an insurance payment, a check in the net amount of $111,324.87 was drawn by the vendee to the order of plaintiff Douglass Van Dyke and his sister. Under the terms of the warranty deed, all taxes levied or assessed after January 1, 1953, were excepted from the warranty against encumbrances, and no expressed agreement was made by the parties respecting the payment of 1953 real estate taxes on the property other than the arrangement for a reduction in purchase price by $1,730.13. On December 22, 1953, upon the ascertainment and levy of the Wisconsin real estate taxes, the vendee paid the full amount of taxes on the property. The amount of taxes so levied and paid was $3,610.09.

Plaintiffs, Mr. and Mrs. Van Dyke, on the cash basis of accounting, deducted $865.06 from their gross income as reported on their joint federal income tax return for 1953. This figure represents 50% of the $1,730.13 deducted from the sales price when making out the purchase check. The deduction was claimed under section 23(c) of the Internal Revenue Code of 1939 [1] on the theory that it represented an amount paid or accrued by taxpayers as real estate taxes during 1953. Consistent with this theory, the plaintiffs reported capital gain from the sale without reducing the sales price by $1,730.13.

The Commissioner of Internal Revenue determined that this treatment was improper since the reduction in the price was held not to be a payment of tax but a price adjustment. Accordingly, the claimed deduction under Section 23(c) of the Code was disallowed and the net

capital gain reported by taxpayers upon the sale was reduced by $1,730.13.

As a result of this determination, together with other adjustments in plaintiffs' 1953 return by the Commissioner, a deficiency in tax was assessed against taxpayers. This assessment was satisfied, but at the time of payment a claim for refund of that portion of the amount assessed, because of the disallowance of the claimed real estate tax deduction, was filed with the District Director. This claim was disallowed, whereupon the present action was begun.

Magruder v. Supplee, 1942, 316 U.S. 394, 62 S.Ct. 1162, 86 L.Ed. 1555, furnishes the basic guide to be used when determining whether the vendor or the vendee is to have the benefit of a deduction under 23(c) for real estate taxes imposed during the year when property is sold:

"* * * either a *pre-existing tax lien* or *personal liability* for the taxes on the part of a vendor is sufficient to foreclose a subsequent purchaser, who pays the amount necessary to discharge the tax liability, from deducting such payment as a 'tax paid'." 316 U.S. at page 399, 62 S.Ct. at page 1065. (Emphasis supplied.)

In Wisconsin there is no personal liability for ordinary real estate taxes, a fact admitted by plaintiffs. See In re Calumet Brewing Co., 1943, 243 Wis. 317, 10 N.W.2d 190 and Nelson v. Gunderson, 1926, 189 Wis. 139, 207 N.W. 408.

To determine whether a tax lien for the 1953 taxes had attached to the land before plaintiffs sold it on June 26, 1953, the relevant Wisconsin statutes must be examined. These are sections 70.01 (as amended in 1943), 70.10, and 74.01 of the

---

1. Internal Revenue Code of 1939:
   Sec. 23. "Deductions from gross income.
   "In computing net income there shall be allowed as deductions: * * *
   "(c) *Taxes generally.*
   "(1) *Allowance in general.* Taxes paid or accrued within the taxable year

* * *." (26 U.S.C.A. § 23, Internal Revenue Code of 1939, as amended, 1955 edition.)
   See section 164(d) for treatment of the problem of real estate tax deductions as between vendor and vendee under the 1954 Code, 26 U.S.C.A. § 164(d).

1953 Wisconsin Statutes, quoted in full in footnote 2 below.

On its face section 70.01, which specifically speaks of a lien on May 1, would appear to resolve the issue in favor of plaintiffs. However, defendant contends that according to the wording of 70.01, the taxes are not deemed to be levied until the tax roll has been delivered to the local treasurer with his warrant for collection, which does not occur until late November or December, and that until the taxes are so levied no lien arises. Thus defendant denies that the Wisconsin real estate tax lien arises on May 1.

No Wisconsin or federal case has dealt with this point since section 70.01 was amended in 1943, but an examination of the legislative and judicial history of the three statutes in question (see footnote two) shows that defendant is mistaken.

United States v. Certain Lands in City of Eau Claire, Eau Claire County, Wisconsin, D.C.W.D.Wis., 49 F.Supp. 225, de-

cided in 1943, held that the Wisconsin real estate tax lien attached to the property as of May 1, the date of assessment, by relation back from the date of the levy in December.

This position was shown to be erroneous by Eline's Inc. v. Town of Milwaukee,[3] 245 Wis. 648, 15 N.W.2d 816, decided in 1944, but under the Wisconsin statutes as they existed before section 70.01 was amended. The version of section 70.01 applicable under Eline's merely stated:

> "70.01 General property taxes; upon whom levied. Taxes shall be levied, under the provisions of this chapter, upon all general property in this state except such as is exempted therefrom." (Wis.Stats.1941)

However, section 74.01 read the same then as it did in 1953 when the property here in question was sold, and it was that statute[4] which the Wisconsin Court considered in answering the question, "As

2. "70.01 General property taxes; upon whom levied. Taxes shall be levied, under the provisions of this chapter, upon all general property in this state except such as is exempted therefrom. Real estate taxes shall be deemed to be levied when the tax roll on which they are extended has been delivered to the local treasurer with his warrant for collection. When so levied such taxes shall be a lien upon the property against which they are assessed, superior to all other liens, effective as of May 1 in the year when levied, except in the case of special assessments of benefits for local improvements where the lien of such assessments shall be in force from the time as provided in section 62.16(7) (c), and except that such special assessments in cities of the first class shall be in force as provided by the charter or general laws applicable to such cities."

"70.10 Assessment, when made. The assessor shall begin as soon as practicable after the April election, if he is elected at such election, otherwise as soon as practicable after January first to assess all the real and personal property as of the close of the first day of May in each year. Except in cities of the first class, such assessment shall be finally completed before the first Monday in July. All real property conveyed to any county or any city by gift, purchase, tax

deed or power of eminent domain before the first Monday in July shall not be included in such assessment."

"74.01 Lien of taxes on land, and on timber; levy. All taxes, levied upon any tract or parcel of land and all costs, charges and interest thereon shall be a lien thereon until paid except as otherwise provided by law; and all costs and expenses which shall accrue jointly or in the aggregate on two or more tracts or parcels shall be apportioned in equal parts upon such several tracts or parcels; and all taxes levied upon any lands and all costs, charges and interest thereon shall also be a lien on all logs, wood and timber cut upon such lands subsequent to the first day of May in the year in which such taxes are levied; and it shall be the duty of the town treasurer, or if such taxes be returned uncollected, of the county treasurer, to pursue and levy upon such logs, wood or timber, wherever the same may be, and collect such tax by distress and sale of the same in the manner provided by law for the distress and sale of personal property for the payment of taxes."

3. See 7 Cir., 135 F.2d 878 for prior proceedings in the Eline's case.

4. See the text of section 74.01 in footnote 3 above.

of what time do real estate taxes become a lien upon the real estate?" The following language used in Eline's is regarded by this court as highly pursuasive in determining whether a lien for real estate taxes existed on May 1, 1953:

> "It is a circumstance of some importance that this section contains no specific direction that the lien created by the levy shall relate back to any prior date although when it desired by the same section to make subsequently levied taxes a lien upon logs, wood and lumber cut upon the assessed lands subsequent to the 1st of May the legislature considered it necessary to expressly provide for the relation of the lien back to an earlier date." 245 Wis. at page 652, 15 N.W.2d at page 817.

Using this line of reasoning, the court decided that no lien for Wisconsin real estate taxes arose or attached on May 1.

However, section 70.01 was amended by Chapter 277, Laws of Wisconsin, 1943, approved June 10, 1943, effective January 1, 1944, which added the following language as an entirely new and theretofore nonexistent provision:

> "Real estate taxes shall be deemed to be levied when the tax roll on which they are extended has been delivered to the local treasurer with his warrant for collection. When so levied such taxes shall be a lien upon the property against which they are assessed, superior to all other liens, effective as of May 1 in the year when levied, except in the case of special assessments of benefits for local improvements where the lien of such assessments shall be in force from the time as provided in section 62.16(7) (c), and except that such special assessments in cities of the first class shall be in force as provided by the charter or general laws applicable to such cities."

■ It is the opinion of this court, after considering the legislative and judicial history outlined above, and particularly the language of the Wisconsin Supreme Court in Eline's Inc. v. Town of Milwaukee, supra, and the express language in section 70.01, as amended in 1943 by Chapter 277, that a general or inchoate lien for Wisconsin real estate taxes arises and attaches, by relation back, as of May 1, and that such a lien was in existence from and after May 1 as an encumbrance upon the property which plaintiff Douglass Van Dyke and his sister, Louise Hauxhurst, sold on June 26, 1953.

Defendant has cited a number of cases and rulings, listed below in footnote 5, which deal with the question when, under section 23(c) of the 1939 Code and under Wisconsin income tax laws, real estate taxes accrue as liabilities so as to be deductible from gross income in tax returns made on the accrual basis. In view of the fact that plaintiffs in this case are on the cash basis, and that the question here, under Magruder v. Supplee, supra, concerns the time when a lien for Wisconsin real estate taxes attaches, the relevancy of defendant's citations is not great. They are apparently submitted on the theory that the accrual date must either be the date when the real estate is assessed for tax purposes or the date when the real estate tax becomes a lien, and that when the decision or ruling determines that the accrual date is not the assessment date, and fixes it at some other date, this latter time must, of necessity, be the lien date. Because the issue is not presented, this court makes no determination on the question whether

5. The Securities Co. of Milwaukee v. United States (D.C.E.D.Wis., 1936) 19 A.F.T.R. 1280, 47–2 U.S.T.C. § 9338, appeal dismissed 7 Cir., 91 F.2d 1022; Commissioner of Internal Revenue v. Patrick Cudahy Family Co., 7 Cir., 1939, 102 F.2d 930, 27th and Kilbourn Corporation v. Wisconsin Department of Taxation, Wisconsin Board of Tax Appeals, No. 1–1085, Nov. 17, 1950, Vol. 2 C.C.H. State Tax Reporter-Wisconsin, § 200–520; I.T. 2633, XI–2 C.B. 77 (1932); I.T. 2694, XII–1 C.B. 107 (1933); G.C. M. 21373, 1939–2 C.B. 82; G.C.M. 24599, 1945 C.B. 110.

the accrual date for federal income tax purposes, insofar as the question may henceforth arise under the 1939 or 1954 Codes, must now be placed at May 1, the date determined to be the lien date, and which is also the assessment date.[6] However, it is desired to make quite clear that any intimations in the cases and rulings cited by defendant, and any similar suggestions that may be contained in other accrual cases not brought to the attention of the court, to the effect that the Wisconsin lien date for real estate taxes is at any other time than May 1, are to be considered in conflict with the decision of this court.

Because it has been determined that the lien date is May 1, it follows, under the rule of Magruder v. Supplee, supra, that the vendee cannot deduct from gross income any part of the amount paid by it to satisfy the 1953 taxes, but, instead, must add that portion which it alone paid, to its cost basis for the property as a part of the purchase price. The total amount of the 1953 taxes, satisfied by the vendee on December 22, 1953, is deductible from gross income by the vendors (and hence by plaintiffs in their proportionate share), but they must add to the selling price that part of such taxes paid by vendee, i. e. $3,610.09, minus $1,730.13 paid by vendors through vendee as their agent, or $1,879.96. See Crane v. Commissioner, 1947, 331 U.S. 1, 67 S.Ct. 1047, 91 L.Ed. 1301; G.M.C. 27440, 1952–2 C.B. 97; Norman Cooledge v. Commissioner, 40 B.T.A. 1325, decision 10,957. (See also on the treatment of real estate taxes when property is sold during the year: 57–1 C.C.H. Standard Federal Tax Reporter § 1330.6052; 54–1 C.C.H. Standard Federal Tax Reporter § 181.1845, citing S.M. 4122, V–1 C.B. 55; 54–1 C.C.H. Standard Federal Tax Reporter § 181.0657; 57–1 C.C.H. Standard Federal Tax Reporter § 1460.177 and § 1460.178, and cases cited there.)

The court adopts the stipulation of facts filed in this action as its own findings of fact. The conclusions of law are as set forth in this opinion.

Counsel for the plaintiffs is directed to prepare an order for judgment and a judgment, submitting them to counsel for defendants for approval as to form and the arithmetical computation of the refund only.

---

6. See section 70.10, Wis.Stats., 1955.