THE HONORABLE, THE SENATE
By 1971 Senate Resolution 39, you have requested my opinion whether 1971 Senate Bill 439, if enacted, would create a valid law and whether Senate Amendment 1 to the same bill also would be valid, if enacted. *Page 174 
Senate Bill 439 would create a new exemption from property taxation, applicable to:
"Land owned by The National Audubon Society, Inc., to preserve unique ecological areas for all future generations in this state and provide for environmental education services therein."
The basic question to be answered is whether such a law would create a valid classification or whether it would violate the equal protection clause of the Fourteenth Amendment to the Federal Constitution. The requirement of uniformity, provided in Art. VIII, sec. 1, Wis. Const., likewise requires that a classification for tax exemption purposes must not be purely arbitrary, but must have some reasonable basis for differentiation.
One of the leading Wisconsin cases on this general subject isLawrence University v. Outagamie County (1912), 150 Wis. 244,136 N.W. 619. The court there considered the validity of a 1901 amendment to the charter of the university, exempting from property taxation its land held for educational and endowment purposes. At the time the 1901 law was passed, the general statutes already exempted up to 40 acres of any chartered university's land. The court held the amendment of the charter invalid on the ground that Lawrence University was one of a class and could not be treated differently from others in the class, relying both upon the equal protection clause of theFourteenth Amendment of the Federal Constitution and upon the uniformity clause of Art. VIII. sec. 1, Wis. Const.
In Chicago N.W. R. Co. v. State (1906), 128 Wis. 553, at 642-643, 108 N.W. 557, the opinion stated:
"* * * Under our constitution, it must be remembered, there is the amplest power on the part of the legislature to exempt an entire class of property from taxation, and to make such class very narrow, even excluding from the benefits accorded to the members thereof those owning property of the same general class, so long as the character of that owned by those of the subclass is so far different from that owned by others, as, within the boundaries of reason at least, to suggest necessity or propriety, having regard to the public good and the constitutional object to be attained, and limitations in respect thereto, of substantially different legislative treatment. Few cases that can be found have *Page 175 
gone further on that line than Wis. Cent. R. Co. v. Taylor Co.52 Wis. 37, 8 N.W. 833. There, as we have seen, a very small subclass of real estate, a class so small as to be confined to one owner, was deemed sufficiently different from realty generally to warrant the legislature in exempting it from taxation. It is not likely, as we have before indicated, that this court will soon go further on that line than it did in that case. * * *"
In considering the requirements for valid classification under the equal protection clause of the Fourteenth Amendment, U.S. Const., the opinion in State ex rel. Baer v. Milwaukee (1967),33 Wis.2d 624, at 632-633, 148 N.W.2d 21, stated:
"Five standards for proper classification in an ordinance were promulgated by this court in State ex rel. Ford Hopkins Co. v.Mayor. They are:
"`(1) All classification must be based upon substantial distinctions which make one class really different from another.
"`(2) The classification adopted must be germane to the purpose of the law.
"`(3) The classification must not be based upon existing circumstances only. [The following sentence was added to No. 3 byState ex rel. Risch v. Trustees: "It must not be so constituted as to preclude addition to the numbers included within a class."]
"`(4) To whatever class a law may apply it must apply equally to each member therof.
"`. . .
"`"(5) That the characteristics of each class should be so far different from those of other classes as to reasonably suggest at least the propriety, having regard to the public good, of substantially different legislation."'" (Footnotes omitted)
In the Baer case the court was considering classification in an ordinance involving exercise of the police power. The Wisconsin Supreme Court has recognized that the legislature has greater leeway in classifying for purposes of taxation than for purposes of exercise of the police power. Hillside Transit Co. v. Larson
(1954), 265 Wis. 568, at 583, 62 N.W.2d 722. Nevertheless, it is *Page 176 
the third requirement enumerated in the Baer case which raises a serious question as to the constitutionality of an act such as that proposed by Senate Bill 439.
In my opinion, the Wisconsin Supreme Court would not sustain the validity of the proposed sec. 70.11 (27), Stats., at least not in the absence of a clear showing that there is no other land owned by any other organization similar to the Audubon Society, which is held for the same purposes as enumerated in the proposed statute. Even if such a showing were made, the law might be held invalid, although the question would be much closer.
In your second question you ask about the validity of an act resulting from the passage of the bill with Senate Amendment 1. The amendment would add a sentence at the end of the proposed subsection, reading:
"The donor or grantor of such land shall pay to the municipality in which it is located the real property taxes on such property over a 10-year period in the manner provided in s.70.113 (2) (b) for payments by the state to towns."
I believe there is no substantial room for argument as to the amendment and that it would be held invalid.
Section 70.113 (2) (b), Stats., provides that the state shall make decreasing payments to towns for ten years, in connection with certain lands acquired by the state subsequent to July 1, 1969. The first year's payment is to be equal to the normal county, local and school taxes based upon the first assessment following the state acquisition of the property. The second payment is to be 90 percent of the first; the third payment, 80 percent of the first, etc. While it may be that the state may make such payments, which appear to be in lieu of taxes to a limited extent, an attempt to require the donor or grantor of land conveyed to the Audubon Society to make similar payments would be a partial exemption from property taxation for the ten-year period. A partial exemption from property taxation violates the requirement of uniformity provided by Art. VIII, sec. 1, Wis. Const. Gottlieb v. Milwaukee (1967), 33 Wis.2d 408, at 424,147 N.W.2d 633. The same case, at the same page, holds that there cannot be any classification of property for different rules or rates *Page 177 
of property taxation. The amendment to Senate Bill 439 would require the donor or grantor of land conveyed to the Audubon Society to pay "real property taxes" on the property over a ten-year period, on the basis of the first assessment following the conveyance. Entirely aside from the diminishing percentage of taxes to be paid over the ten years, the basis for computing the tax would not be uniform with the basis for computing taxes on other property. Here, again, is a violation of the rule of uniformity.
In view of the foregoing, it seems unnecessary to consider the constitutional questions raised by the amendment insofar as it attempts to put the burden of tax payments upon the donor or grantor of land conveyed to the Audubon Society. The owner of property is not personally liable for payment of the real property taxes. In Wisconsin an action in debt for property taxes will lie only for taxes on personalty. Nelson v. Gunderson
(1926), 189 Wis. 139, 207 N.W. 408. Also, the grantor of real property is not personally liable for the payment of such taxes. To impose such liability upon the grantor of land conveyed to the Audubon Society raises serious question of constitutionality under the uniformity rule of the Wisconsin Constitution and under the equal protection clause of the Fourteenth Amendment of the Federal Constitution.
RWW:EWW