IN the MATTER OF the ESTATE OF Esther R.
KARRELS, Deceased: Elaine C. SCHINKER,
Personal Representative, Appellant,

v.

Peggy McCRAW, Respondent.

Court of Appeals

*No. 88-1200. Submitted on briefs November 30, 1988.—Decided
December 28, 1988.*

(Also reported in 435 N.W.2d 739.)

On behalf of the appellant, the cause was submitted on the briefs of *Jean M. Ansay* and *Kathryn McGrane-Sargent* of *Runkel, Ansay & Eberhardt,* of Port Washington.

On behalf of the respondent, the cause was submitted on the brief of *Darcy E. McManus* of *McManus & O'Byrne,* of Port Washington.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.   This case involves the question of whether an estate is liable for any year-of-death real estate taxes on specifically devised property. We conclude that since the will in question does not provide for paying these taxes out of the estate, the estate is not liable for them. We reverse.

The pertinent facts are few and undisputed. Esther R. Karrels died on June 30, 1987, before 1987 real estate taxes were levied on her residence. Karrels' will directed that "all [her] just debts and funeral expenses be paid out of [her] estate." The will specifically devised Karrels' residence to Peggy McCraw. No mention of real estate taxes is made in the specific devise.

The trial court concluded that real estate taxes on specifically devised property are to be prorated to the date of decedent's death. Liability for year-of-death real estate taxes is then to be assessed against the estate for the period up until the date of death.

Application of the law to undisputed facts presents a question of law. *National Amusement Co. v. Department of Revenue,* 41 Wis. 2d 261, 266, 163 N.W.2d 625, 627–28 (1969). We resolve such questions without deference to the trial court. *Id.*

In Wisconsin, real estate taxes are not necessarily debts. *In re Calumet Brewing Co.,* 243 Wis. 317, 321, 10 N.W.2d 190, 192 (1943). A landowner is not personally liable for the taxes imposed upon his land until they are delinquent. Section 74.58(3)(a)1, Stats. (1985–86), pro-

vides that "[A] property owner is personally liable for the payment of delinquent real estate taxes ...." When Karrels died, the taxes were not delinquent. Thus, Karrels' will provision for payment of debts does not cover the real estate taxes on her residence.

■

McCraw relies on the common law doctrine of exoneration to place the tax burden on Karrels' estate, but such reliance is misplaced. The common law of exoneration is set forth in *Estate of Budd,* 11 Wis. 2d 248, 257, 105 N.W.2d 358, 363 (1960):

> It is generally the rule, except where changed by statute, that, in the absence of a testamentary intention to the contrary, *any debts of the testator* which are secured by liens on property included in a will are payable primarily out of the personal estate.
> ....
> *If a debt which testator owes personally in his lifetime* is secured by a mortgage or other lien upon specific property belonging to testator, such debt, like any other personal debt is to be paid out of testator's personal estate in the absence of provisions in the will which show a contrary intention .... [Emphasis added.]

Thus, there are two preconditions for application of the exoneration doctrine. First, there must be a personal debt. Second, the debt must be owed during decedent's lifetime. McCraw argues that these conditions are met here because although "real estate taxes are only assessed ... once per year ... the obligations ... are ongoing." We disagree.

■

The preconditions for exoneration are not met here. There was no obligation to pay real estate taxes during the decedent's lifetime because the taxes had not been

levied prior to her death. The burden of taxation is imposed at the time of assessment or levy. *See State ex rel. Columbia Constr. Co. v. Tax Comm'n,* 166 Wis. 369, 371, 165 N.W. 382, 382 (1917); *State ex rel. Sallie F. Moon Co. v. Wisconsin Tax Comm'n,* 166 Wis. 287, 291, 163 N.W. 639, 640, 165 N.W.2d 470 (1917), *appeal dismissed,* 249 U.S. 621 (1919); *cf. Nelson v. Gunderson,* 189 Wis. 139, 207 N.W. 408 (1926) (reassessment of real estate taxes imposes a lien against the property as of the date of the original assessment). We therefore reject McCraw's argument that the doctrine of exoneration applies here.

McCraw next argues that there is statutory authority for placing a portion of the real estate tax burden upon the estate. Section 74.62(2), Stats. (1969), provided for proration of real estate taxes, but that section was repealed by sec. 7, ch. 339, Laws of 1969, effective in 1971. We find nothing in the current Wisconsin statutes reinstating the repealed prorating scheme. Indeed, sec. 26, ch. 339, Laws of 1969, created sec. 863.13, Stats., which states that:

> *[A]ll specifically devised property shall be assigned to the beneficiary without exoneration* unless the will of the decedent provides that a debt which is secured by a mortgage, lien, pledge or other security agreement which constitutes an encumbrance on property which is specifically devised should be paid out of other assets in the estate and the property assigned to the beneficiary free of the encumbrance. [Emphasis added.]

■ McCraw suggests that sec. 72.14, Stats.,[1] reinstates the repealed rule of sec. 74.62(2), Stats. (1969). We disagree. That section provides a tax deduction for whomever must pay real estate taxes accrued during the year of and up until the date of death, be it the personal representative or the devisee. The statute specifically contemplates that either the personal representative or the devisee might shoulder the tax burden. However, the statute does not allocate the burden. McCraw's argument fails.

■ We have not found, nor been directed to, any provision in Wisconsin statutory or case law that, in the absence of a contract or will provision, transforms a portion of a later-imposed tax on land into a legal obligation of the decedent. The instant case differs from *Nelson v. Gunderson*, 189 Wis. 139, 207 N.W. 408 (1926). In that case, the court determined that a reassessment of real estate taxes created a lien dating

[1]Section 72.14, Stats., states, in relevant part:

(1)  EXPENDITURES BY A PERSONAL REPRESENTATIVE, SPECIAL ADMINISTRATOR OR CERTAIN DISTRIBUTEES OUT OF CERTAIN ASSETS IN HIS POSSESSION. Deductions for the following expenditures made by the personal representative or special administrator out of the assets of the decedent in his possession or advanced or paid by a distributee of any assets in his possession are allowed:

. . . .

(d)  If known, real estate taxes accrued during the year of the decedent's death, or if such taxes are not known, an amount equal to one-twelfth of the taxes assessed against the land for the preceding calendar year multiplied by the number of months in the calendar year which elapsed prior to the date of death, including the month of death if the death occurred after the 15th day. Deductions allowed under this paragraph shall be considered a lien against the subject real estate reducing its market value.

back to the original assessment. The court therefore held that the seller's statutory warranty deed obligated him to pay reassessed real estate taxes that should have been assessed prior to the purchase date. A warranty deed, by definition, warrants freedom from encumbrances and defense of title. *Black's Law Dictionary* 1425 (5th ed. 1979). Nothing analogous to such a deed is created by Karrels' will. We therefore conclude that the estate has no obligation to pay any portion of the real estate taxes assessed for the decedent's year of death.

*By the Court.*—Order reversed.